**Juan Isidro VASQUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–84–304–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 19, 1985.

Luis F. Suarez, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Lori B. Millberg, Asst. Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

PAUL PRESSLER, Justice.

Appellant pled not guilty to the offense of possession of methaqualone, a controlled substance, with intent to deliver. He waived his right to a jury trial and was found guilty by the court. Punishment was assessed at ten years' confinement in the Texas Department of Corrections. We affirm.

On October 20, 1983, Officer Zink of the Pasadena Police Department received a tip from a confidential informant, who had given reliable information in the past, telling him that the appellant would engage in a drug transaction involving methaqualone and that the transaction would occur at a location near the intersection of Dorwayne and Federal Roads in Harris County. The

information also gave a description of the appellant, his license number and a description of his car.

Upon receiving the information, the officers proceeded immediately to the designated location. Shortly thereafter, the appellant and a male companion arrived in the car described by the informant. The officers observed appellant and the passenger leave the car enter a restaurant and sit at separate tables. After several minutes, the two men exited the restaurant and returned to the car. As they started to drive away, the officers blocked their path and placed both of them under arrest. The car was searched and several thousand tablets of methaqualone were seized. The officers took the men to the police station where the appellant received his *Miranda* warnings. Appellant told Officer Zink that he could find more drugs at his house and signed a consent to a search of his house. There the officers found over 21,000 capsules containing controlled substances.

Appellant filed a Motion to Suppress alleging that the drugs were obtained through an illegal search and seizure. The court denied the motion and admitted the drugs into evidence.

Appellant brings four grounds of error. In the first three he argues that the methaqualone should not have been admitted into evidence because his arrest was not based on probable cause and the evidence obtained pursuant to the arrest was tainted by that illegality.

 A warrantless arrest or search is justified if the State can show the existence of a probable cause at the time the arrest or search is made as well as circumstances which made the procuring of a warrant impracticable. *Nastu v. State*, 589 S.W.2d 434 (Tex.Crim.App.1979); *Yates v. State*, 677 S.W.2d 215 (Tex.App.—Houston [1st Dist.] 1984, no pet.). Probable cause for an arrest exists when, at the moment of arrest, the arresting officer has knowledge of facts and circumstances, obtained from a reliable source, which would cause a reasonable and prudent man to believe that a particular person has committed or is com-

mitting a crime. *Brown v. State*, 481 S.W.2d 106 (Tex.Crim.App.1972); *Saylor v. State*, 650 S.W.2d 441 (Tex.App.—Houston [14th Dist.] 1982, pet. granted). Appellant contends that the information received by Officer Zink was inadequate to show probable cause and, therefore, the evidence should have been suppressed.

*Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), sets forth the standard by which the sufficiency of probable cause based upon an informant's tip is measured. There, the Supreme Court set forth a "totality of the circumstances" test which permits a balanced assessment of all the ingredients which combine to make an informant's tip reliable. The duty of a reviewing court is simply to ensure that an arresting officer has a substantial basis for concluding that probable cause existed. *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).

Here probable cause was established by the detailed and comprehensive nature of the tip. Not only had the informant given Officer Zink reliable information in the past, but he correctly described the appellant, the drugs he would be carrying, the make of the car he would be driving, the license number of that car, and the specific location where the alleged drug transaction would take place. Appellant argues that this information alone was inadequate. However, such information can become sufficient if corroborated by the independent observation of the arresting officer. *See Draper*, supra. Here Officer Zink already knew what the appellant looked like and knew about his past in drug dealing. He observed the appellant arrive at the specific location in the car described by the informant. There was sufficient corroboration to establish probable cause.

Appellant further argues that Zink's independent observation and knowledge cannot be used to corroborate the informant's tip because the corroboration was an observation of innocent conduct. In making a determination of probable cause, however, the relevant issue is not whether the conduct appears to be "innocent" or "guilty",

"but the degree of suspicion that attaches to particular types of non-criminal acts." *See Gates,* 103 S.Ct. at 2335 (note 13). Here the seemingly innocent activity was suspicious in the light of the informant's tip. *See Draper,* supra.

Appellant asserts that under the strict standards of Tex.Code Crim.Proc.Ann. art. 14.04 (Vernon 1981), his warrantless arrest was illegal. Article 14.04, by its wording and the Texas cases decided thereunder, represents an acceptance of the "two prong" test for probable cause set forth in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). In *Whaley v. State,* 686 S.W.2d 950 (Tex.Crim.App. 1985), the court renounced the *Aguilar* test and adopted the totality of the circumstances test. Hence, we will not apply the *Aguilar* test given the indication by the Court of Criminal Appeals that it is apparently no longer operative.

The trial court could have reasonably concluded that there was probable cause for the arrest and the search of the car was valid as incident to the arrest. The search of appellant's house did not arise out of an illegal arrest and was performed after the appellant voluntarily gave informed consent. Appellant's first three grounds of error are overruled.

In his fourth ground of error, appellant argues that the possession of over 23,000 capsules of mandrax was insufficient to prove intent to deliver the drugs. Evidence of such a large quantity of a controlled substance is sufficient to support an inference that the possession was with intent to deliver. *Hawkins v. State,* 687 S.W.2d 50 (Tex.App.—Dallas [5th Dist.] 1985, no pet.); *Branch v. State,* 599 S.W.2d 324 (Tex.Crim.App.1979). Some of the drugs were wrapped in cellophane, a type of packaging which suggests an intent to sell. The trial court reasonably found that appellant was actively engaged in the business of selling methaqualone. The fourth ground of error is overruled.

Affirmed.