Nathene CUMMINGS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–86–0384–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 26, 1987.

Bob Wicoff, Andrew L. Payne, Houston, for appellant.

Michael R. Little, Chambers-Liberty Dist. Atty., Liberty, Georgis L. Clapper, Chambers-Liberty Asst. Dist. Atty., Anahuac, for appellee.

OPINION

JACK SMITH, Justice.

Appellant was found guilty of felony possession of marihuana by a jury, and the court sentenced him to seven years confinement.

Appellant's sole point of error concerns the search of appellant's truck and the seizure of the marihuana located in the cab of the truck, inside an open shaving kit. Appellant urges that the trial court erred in overruling his motion to suppress the illegally seized evidence.

The evidence shows that Deputy Rinehart investigated two vehicles parked in front of a sporting goods store at approximately 2:00 a.m. on December 22, 1985. One vehicle belonged to a local attorney,

who was giving the occupants of the other vehicle, a Ford truck, some gasoline. Appellant was asleep on the passenger side of the truck. Since the occupants of the truck were unknown to the deputy, and the driver of the truck was hostile to the deputy, Deputy Rinehart ran a computer check on the license plate and vehicle identification numbers of the truck, and the driver's license number of the driver. Upon ascertaining from the police dispatcher that the computer was down, Deputy Rinehart left the scene and continued his patrol. Shortly thereafter, the dispatcher informed him that the license plate belonged to a 1967 Chevrolet. Believing that the Ford truck was possibly stolen, Deputy Rinehart notified other Sheriff deputies to stop the vehicle.

The Ford truck was located at a gas station. Deputy Simpson, Deputy Rinehart, and Deputy Jackson arrived at the scene. The officers determined upon inquiry that appellant allegedly owned the vehicle in question and requested that he present proof of ownership of the truck. While the appellant was attempting to locate some proof of ownership, Deputy Jackson approached the passenger side of the vehicle. Both doors of the truck were open and the occupants were no longer inside. Deputy Jackson looked inside the vehicle and saw an open shaving kit lying on the seat. A clear plastic bag containing marihuana was sticking out of the kit. Deputy Jackson pulled the bag out of the shaving kit and handed it to Deputy Simpson. Appellant was then placed under arrest for possession of marihuana.

The deputies then began to search the rest of the truck. The deputies located a shotgun under the passenger seat inside the truck, and a large plastic bag of marihuana was found in a green duffle bag in the bed of the truck. When the marihuana was located in the duffle bag, the deputies also arrested the driver of the truck. During a pat-down search of appellant, another package of marihuana was found. A third package was located on appellant's person during booking procedures at the jail.

■ The State asserts that the "plain view" doctrine provides grounds for the warrantless seizure of the marihuana in the shaving kit. The "plain view" doctrine permits the warrantless seizure by police of private possessions where three requirements are satisfied. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). First, the police officer must lawfully make an initial intrusion or otherwise properly be in a position from which he can view a particular area. *Id.* 403 U.S. at 465–468, 91 S.Ct. at 2037–2039, 29 L.Ed.2d 564. Second, the officer must discover incriminating evidence inadvertently. *Id.* 403 U.S. at 470, 91 S.Ct. at 2040, 29 L.Ed.2d 564. Finally, it must be "immediately apparent" to the police that the items that they observe may be evidence of a crime, contraband, or otherwise subject to seizure. *Id.*

■ The appellant concedes that the deputies had a legitimate reason to be near the appellant's truck and that the discovery of the marihuana was inadvertent. However, appellant asserts that the viewing of the top of the plastic bag sticking out of the shaving kit did not make it "immediately apparent" to the deputies that the plastic bag contained contraband. Citing *Duncan v. State*, 549 S.W.2d 730 (Tex.Crim.App. 1977), the appellant urges that the viewing of the plastic bag itself is not sufficient for evidence of contraband. In *Duncan*, the officer testified that he did not know what the plastic bag contained, nor did he have any suspicion of what it contained. The Court of Criminal Appeals held that "[e]ven though we are aware of the popular use of plastic bags as containers for controlled substances, we cannot hold that the bag itself is contraband in the absence of some showing that the officer saw what appeared to be a contraband substance in the bag." *Id.* at 732.

Appellant contends that the warrantless search was illegal because probable cause existed only after Deputy Jackson entered the cabin of the truck, because Deputy Jackson did not know the plastic bag contained marihuana until he pulled it out of

the shaving kit. However, Officer Jackson testified as follows:

(at the hearing on the motion to suppress)

I observed a brown shaving kit. It had a plastic—clear plastic bag sticking up out of the bag. I bent over and looked into the kit and picked up the bag up. It had a green leafy substance in the bag.

\* \* \* \* \* \*

The bag was sticking up. I bent over and looked into the shaving kit and I could see the marihuana in it.

\* \* \* \* \* \*

When I got to the scene I walked up to the passenger side of the vehicle as the rest of the officers was there and I just looked into the truck and I observed the bag.

\* \* \* \* \* \*

(at the trial)

I observed a brown shaving kit that had a plastic bag sticking above the shaving kit, over the shaving kit.

\* \* \* \* \* \*

It [the shaving kit] was opened.

\* \* \* \* \* \*

I walked up, looked in the bag and picked up the bag up. When I looked I could tell it was marihuana in the bag, and I just picked it straight up.

\* \* \* \* \* \*

Whenever I check out on a vehicle and I see a plastic bag I think about drugs.

\* \* \* \* \* \*

I could see in the bag. It was close enough to me from the door for me to look and see. After I saw the plastic bag sticking up when I came towards the rear.

\* \* \* \* \* \*

The bottom of the bag was inside the shaving kit.

\* \* \* \* \* \*

It [the shaving kit] had other items in the bottom.

It [the plastic bag] was on top.

\* \* \* \* \* \*

When I looked over into it I could see it.

We conclude that the testimony set forth above establishes that Deputy Jackson observed the contraband in the plastic bag before he removed it from the shaving kit. However, we must address the question of whether Deputy Jackson had to enter the vehicle in order to view the contraband substance.

There is no evidence in the record that Deputy Jackson physically entered the truck to view the marihuana. He did testify that he had to "bend over" and look into the shaving kit through the open passenger door. In *Texas v. Brown*, 460 U.S. 730, 739, 103 S.Ct. 1535, 1541, 75 L.Ed.2d 502 (1983), the United States Supreme Court held that the mere fact that the officer had to "change [his] position" and "bent down at an angle so [he] could see what was inside" the automobile is "irrelevant to Fourth Amendment analysis" because the general public could peer into the automobile from any number of angles; therefore, an officer should not be precluded from observing what would be entirely visible to him as a private citizen. The Court held that "immediately apparent" did not require that the police "know" that certain items are contraband, but merely required that the officers have probable cause for the seizure. *Id.* 460 U.S. at 743, 103 S.Ct. at 1544, 75 L.Ed.2d 502. Probable cause requires that the facts available to the officer would "warrant a man of reasonable caution in belief" that certain items *may* be contraband. *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925) (emphasis added).

We conclude that when Deputy Jackson observed what appeared to be contraband in the plastic bag in plain view he possessed probable cause to believe the plastic bag contained an illicit substance and properly seized it. Jackson testified that plastic bags are frequently used to carry narcotics, and he recognized the green, leafy substance to be marihuana. *See Miller v. State*, 667 S.W.2d 773 (Tex.Crim.App.1984) (seizure of cocaine was permissible under plain view doctrine where officer saw clear plastic baggie containing white powdery

substance sticking out from cigarette package in pocket, giving officer probable cause to believe the baggie contained illicit substance, even though officer did not know exactly what the substance was).

Next, appellant asserts that after his arrest for the marihuana in the shaving kit, the deputies conducted an inventory search of his vehicle. Appellant urges that it was unnecessary to conduct an inventory search because, at that point, the driver was not under arrest and the vehicle could have been released to him. The State, on the other hand, urges that the search of the vehicle was not an inventory search, but was a search based upon probable cause that the vehicle contained more contraband.

■ After the marihuana was located in plain view and the appellant was arrested and a pat-down search revealed more marihuana, the deputies could legitimately search the passenger compartment of the vehicle as an incident to arrest. *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). In the search of the passenger compartment, the deputies located a .16 gauge pump shotgun under the passenger seat. The deputies had probable cause to believe that more contraband was concealed in the truck. The bed of the truck was searched and a larger quantity of marihuana was found inside a green duffle bag.

Under the rationale set forth in *United States v. Ross*, 456 U.S. 798, 799, 102 S.Ct. 2157, 2159, 72 L.Ed.2d 572 (1982), police officers, who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed somewhere within it, may conduct a warrantless search of the vehicle that is as thorough as a magistrate would authorize by a warrant. The automobile exception established in *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), applies to searches of vehicles that are supported by probable cause to believe that the vehicle contains contraband. *Id.*

The scope of the search is to be defined by the object of the search and the places in which there is probable cause to believe that it may be found. *Ross*, 456 U.S. at 799, 102 S.Ct. at 2159, 72 L.Ed.2d 572. Since the deputies had probable cause to believe there was more marihuana in the truck, and possibly more weapons, the search of the duffle bag in the bed of the truck was justified.

Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.

DUGGAN and COHEN, JJ., also participating.