**Anthony FRANKLIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–96–00751–CR, 01–96–00752–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 21, 1998

Published in Part Pursuant
to Tex. R. App. P. 90.

Discretionary Review Refused Oct. 21, 1998.

Donald Lee Catlett, Houston, for Appellant.

John B. Holmes, William Delmore, III, Houston, for Appellee.

Before SCHNEIDER, C.J., and WILSON and NUCHIA, JJ.

## OPINION

SCHNEIDER, Chief Justice.

Appellant, Anthony Franklin, was charged in separate indictments with the felony offenses of escape from custody and possession with intent to deliver more than four but less than 200 grams of cocaine. Each indictment contained allegations of two prior felony convictions. The jury found appellant guilty of felony escape and the lesser included offense of possession of more than four and less than 200 grams of cocaine. The trial court assessed punishment at 35 years in prison. We affirm.

### Facts

On December 6, 1995, a confidential informant notified Houston Police Officers P.J. Fuller and Kenneth Kalka that appellant was selling cocaine from his blue Oldsmobile automobile, and that he was concealing the cocaine in the car's windshield wiper fluid container. Officer Kalka recognized appellant because he had observed appellant driving the described vehicle on several occasions over the previous six months. Moreover, the officers knew from a previous routine traffic stop that appellant did not have a driver's license.

The next evening, the officers saw appellant and stopped him for making a left turn without signalling, a traffic offense under TEX. TRANSP. CODE ANN. § 545.104 (Vernon Pamph.1998). They stopped appellant, who had neither a driver's license nor proof of liability insurance, and a computer check revealed the existence of municipal court warrants for his arrest; therefore, the officers arrested appellant.

In the course of conducting an inventory of appellant's vehicle, Fuller looked inside the windshield wiper fluid container and discovered a plastic bag containing one-half of a "cookie" of crack cocaine.[1] After field testing the cocaine, the officers then informed appellant that he was under arrest for possession of a controlled substance.

After driving approximately two blocks, the officers realized that they had not handcuffed appellant; therefore, they stopped in a vacant lot to secure appellant. After telling appellant the reason for stopping, Officer Kalka got out of the car and opened one of the patrol car's back doors. At that time, appellant pushed Officer Kalka and attempted to flee. Officer Kalka, grabbed appellant and struck him with an expandable baton; however, appellant ran towards his friend's house, but eventually fell to the ground and was handcuffed.

### Motion to Suppress

In point of error two, appellant contends the trial court erred in overruling his motion to suppress evidence obtained in the search of the vehicle's windshield wiper container because the evidence was obtained without a search warrant and without probable cause. We disagree.

The basis for the trial court's decision to deny the motion is not included in the record; however, if the trial court's decision is correct on any theory of law applicable to the case, it will not be disturbed. *See Calloway v. State,* 743 S.W.2d 645, 652 (Tex.Crim. App.1988); *McLish v. State,* 916 S.W.2d 27, 31 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd). "To determine whether the trial court abused its discretion, the evidence is viewed in the light most favorable to the ruling." *Santos v. State,* 822 S.W.2d 338, 339 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). The trial judge is the "sole fact finder at a hearing on the motion to suppress evidence and may choose to believe or disbelieve any or all of the witnesses' testimony." *Johnson v. State,* 803 S.W.2d 272, 287 (Tex.Crim.App. 1990); *McLish,* 916 S.W.2d at 31.

All arrests or searches without valid warrants are unreasonable unless shown to be within one of the exceptions to the rule that an arrest or a search must rest upon a valid warrant. *Wilson v. State,* 621 S.W.2d 799, 803–804 (Tex.Crim.App.1981). A valid exception must exist, and the burden is on the State to show that a warrantless arrest or search comes within a valid exception to the above general rule of exclusion. *Id.* at 804. One valid exception to the rule that a search must rest upon a warrant is the automobile exception, which, in essence, provides that a law enforcement officer may conduct a warrantless search of a motor vehicle if he has probable cause to believe the vehicle contains evidence of a crime. *Carroll v. United States,* 267 U.S. 132, 155–56, 45 S.Ct. 280, 286, 69 L.Ed. 543 (1925); *Powell v. State,* 898 S.W.2d 821, 827 (Tex.Crim.App. 1994); *see also Ackenback v. State,* 794 S.W.2d 567, 572 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). As long as there is a "substantial basis" in the record to support

---

1. The police laboratory later tested the cookie and found that it consisted of 12.3 grams of 48 percent pure cocaine.

the trial court's ruling of probable cause, it is impervious to reversal. *State v. Carter,* 915 S.W.2d 501, 504 (Tex.Crim.App.1996). We must review the totality of the circumstances to determine whether such a "substantial basis" exists. *Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 231–32, 76 L.Ed.2d 527 (1983); *Eisenhauer v. State,* 754 S.W.2d 159, 164 (Tex.Crim.App.1988).

■ In this case, the information provided by the confidential informant gave the officers probable cause to believe that cocaine could be found in appellant's vehicle. In fact, less than 24 hours before the officers arrested appellant, the informant advised the officers that appellant was selling narcotics from his vehicle and that he "was keeping it in the windshield wiper container under the hood." The informant's tip to the police described an unusual location of the cocaine, *i.e.,* in the windshield wiper fluid container, giving rise to an inference that the informant had a basis for his information. Furthermore, the arresting officer testified that the informant had provided accurate information on two previous occasions.[2] The informant also described the vehicle appellant was in, and the description coincided with the officers' knowledge of appellant's vehicle. Viewing the totality of the circumstances, the tip of the informant was a "substantial basis" to support the trial court's ruling of probable cause. *See Jones v. State,* 640 S.W.2d 918, 920 (Tex.Crim.App.1982) (tip of informant, who had provided true and correct information on two previous occasions and had given highly detailed description of appellant and location of drugs, was sufficient to establish probable cause); *Vasquez v. State,* 699 S.W.2d 294, 295 (Tex.App.—Houston [14th Dist.] 1985, no pet.) (probable cause estab-

lished by the detailed and comprehensive nature of the informant's tip).

We overrule point of error two.

The discussion of the remaining points of error does not meet the criteria for publication, Tex.R.App. P. 47, and is, thus, ordered not published. The trial court's judgment is affirmed.

WILSON, J., dissenting.

En banc consideration was requested.

A majority of the Justices of the Court voted to overrule the request for en banc consideration.

O'CONNOR, J., dissenting from the overruling of the request for en banc consideration and noting her agreement with the dissenting opinion.

WILSON, Justice, concurring and dissenting.

I respectfully dissent on the search issue related to the possession conviction. I would affirm the conviction for escape.

The Fort Worth Court of Appeals outlined the various ways by which the State can justify a search without a warrant as follows:

Once the search was shown to be warrantless, the burden shifted to the State to

---

**2.** The dissenting opinion recognizes one previous instance in which the tip was accurate, but does not recognize the other instance. We disagree with the dissenting opinion because a tip need not result in a conviction to be accurate. As long as it amounts to a sufficient basis to arrest a person, we consider that the officer regarded it as accurate.

prove the reasonableness of the warrantless search. *Russell v. State,* 717 S.W.2d 7, 9–10 (Tex.Crim.App.1986). The U.S. Supreme Court has recognized several exceptions to the warrant requirement based on "the exigencies of the situations." These exceptions are inventory search, the "plain-view" doctrine, "the automobile exception," and a search and seizure incident to a lawful arrest. *See Aitch v. State,* 879 S.W.2d 167, 172 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd).

*Pettigrew v. State,* 908 S.W.2d 563, 567 (Tex. App.—Fort Worth 1995, pet. ref'd).

The plain-view doctrine does not apply for obvious reasons. The State argued before the trial court, but not before this Court, that the search was justified as an inventory search and/or as a search incident to arrest. The majority does not base its ruling on these latter exceptions, and I would suggest that the search in question would be outside the permissible scope of either.

Although the majority says the cocaine was found during an "inventory of appellant's vehicle," the holding is solely justified under the automobile exception. It is true, as the majority states, that the trial court's ruling will not be disturbed if it can be founded on the correct application of any theory of law. For purposes of my dissent, I assume without deciding that the case is properly considered under the automobile exception. I further believe that the officers acted on a reasonable suspicion that appellant was, at a minimum, possessing cocaine. However, I dissent on whether the reasonable suspicion of the officers ripened to a level reaching probable cause thereby justifying the warrantless search of appellant's automobile. Applying the *Gates & Eisenhauer* standards[1] to the paucity of information received by the officers from the tipster, coupled and considered with the officers' limited experience with this informant, I would hold that there was not a substantial basis in the evidence to support the trial court's finding of probable cause.

---

1. *Illinois v. Gates,* 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2331–32, 76 L.Ed.2d 527 (1983);

### What the Officers Knew About the Suspect

The evidence shows the officers learned from the informant that: (1) Anthony Franklin (appellant) was selling narcotics (2) from a blue two-door Oldsmobile, and (3) the narcotics were being kept in the windshield wiper fluid container under the hood.

Franklin was not a stranger to Officer P.J. Fuller. Officer Fuller stated during the suppression hearing that he knew Franklin on sight, that Franklin drove a blue two-door Oldsmobile, and further that he had been recently stopped by his partner and issued a citation for no driver's license.

The information that Franklin was selling narcotics was not corroborated by any independent investigation or surveillance of the officers. Further, how the informant knew what he said about Franklin was not disclosed with certainty in the evidence.

### The Basis of the Majority's Decision

The majority finds that, "viewing the totality of the circumstances, the tip of the informant was a 'substantial basis' to support the trial court's ruling of probable cause." The majority grounds its holding in the fact that the informant had provided accurate information on two previous occasions, and finds legal support for its conclusion in *Jones v. State,* 640 S.W.2d 918 (Tex.Crim.App.1982) and *Vasquez.v. State,* 699 S.W.2d 294, 295 (Tex.App.—Houston [14th Dist.] 1985, no pet.).

### Previous History With Informant

The majority states that on two previous occasions the informant had provided accurate information. However, at the suppression hearing, Officer Fuller discussed only one definite occasion when the informant provided information which was found to be reliable:

Q. Let's talk about that informant. With that informant had you received reliable information in the past?

A. Yes.

*Eisenhauer v. State,* 754 S.W.2d 159, 164 (Tex. Crim.App.1988).

Q. Tell the court about those times that you had received reliable information.

A. 'I received some information on a female who was selling narcotics out of an apartment complex near the location where Mr. Franklin was arrested.

Q. Were you later able to verify that information and determine that it was accurate and reliable?

A. Yes.

Q. On another occasion other than the one that involved the female suspect did the informant provide you with other information that turned out to be reliable?

A. Other than Mr. Franklin?

Q. Right.

A. That same—during that same conversation with a female, he also mentioned Mr. Franklin's name and stated he was selling narcotics, real brief on that, nothing in particular that time.[2]

Q. Okay. From that same informant, did you also receive information about a male suspect that you passed on to other HPD officers who then eventually made an arrest?

A. Yeah. I don't remember the specifics on that but that's correct.

I find no case where an informant's tip that led to an arrest only can be used as an indicia of reliability, particularly when coupled with only a single other instance of providing accurate information. The arrest mentioned by Officer Fuller, where he was unfamiliar with the specifics, may have been reliable, and it may not have. The information about the male suspect is simply too general and nonspecific for a judicial officer to make an independent judgment as to the informant's trustworthiness. We are left with a single instance in the evidence, not two, that the tipster's information, at least in the knowledge of Officer Fuller, had proven to be reliable and credible.

---

**2.** This would seem to indicate that whatever information the informant had about Franklin was

### Jones and Vasquez

*Jones* is distinguished from the case at hand first by the fact the confidential informant had been correct on two prior occasions and second because of the "highly detailed nature of the informant's allegations." *Jones*, 640 S.W.2d at 919–20.

*Vasquez* is distinguished from the case at hand by the "detailed and comprehensive nature of the tip." *Vasquez*, 699 S.W.2d at 295. Although it is indefinite as to how many times the informant in *Vasquez* had given reliable information in the past, the totality of circumstances test was met by the detail of the tip, and, importantly, by the officers' independent corroboration of the information provided to them by the tipster.

### Conclusion

I would find that the information provided by the tipster was not detailed and comprehensive as in *Vasquez* or *Jones* nor was the reliability of the informant shown to the degree that would overcome the lack of detail or corroboration of the tip.

For the above mentioned reasons, I would reverse the trial court's judgment as to the conviction for possession of cocaine. I would affirm the conviction for escape.

---

based on hearsay, not personal knowledge.