In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-00944-CR
____________

KARLA VANESSA URCUYO, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court 
Harris County, Texas
Trial Court Cause No. 872879 




MEMORANDUM OPINION
          Appellant, Karla Vanessa Urcuyo, pled guilty to felony possession of more
than 50 and less than 2,000 pounds of marihuana. Pursuant to an agreement with the
State, the trial court assessed appellant’s punishment at four years’ community
supervision and a $1,000 fine. Appellant’s three issues challenge the denial of her
pretrial motion to suppress the warrantless seizure of the marihuana. See Tex. Code
Crim. Proc. Ann. § 44.01(j) (Vernon Supp. 2003); Tex. R. App. P. 25.2(b)(3)(B). 
We affirm.
Background
          Viewed in the light most favorable to the trial court’s ruling, the record shows
that Pasadena Police Department Detective Peloquin had received information that
appellant’s codefendant, Jose Luis Dominguez, was selling large quantities of
narcotics. Peloquin conducted undercover surveillance at Chris Auto Sales, which
Dominguez managed. While watching the car lot from an unmarked car, Peloquin
saw Dominguez and appellant eventually leave the car lot together in a silver Honda
Civic. Peloquin noticed that the car had paper license plates and that Dominguez was
driving. 
          Peloquin followed the Civic to an apartment complex, where Peloquin watched
Dominguez park the Civic and climb the stairs into the complex while appellant
remained in the vehicle. Dominguez promptly returned to the Civic with another,
unknown male. Both were carrying duffel bags. Appellant got out of the Civic to
open the trunk, where Dominguez and the unknown male put the duffel bags. The
unknown male remained at the apartment complex, and Dominguez and appellant
returned to the Civic and drove away. 
          Detective Peloquin followed them to Milby Park, where Dominguez parked
briefly. Using binoculars, Peloquin watched appellant and Dominguez get out of and
walk to the rear of the Civic and open its trunk. Peloquin watched as appellant and
Dominguez rearranged and inspected the duffel bags in the trunk, pulled some
bundles out of the bags, and placed some of the bundles on the outer rim of the trunk. 
Appellant assisted Dominguez by holding bundles while Dominguez rearranged the
bundles. Peloquin described the bundles as brick-shaped, compressed, and wrapped
in cellophane, through which he could see the green contents of the substance in the
bricks. Based on his experience as a peace officer, Peloquin was “100% certain” that
the substance was marihuana in an amount sufficient to constitute felony possession.
Peloquin observed appellant and Dominguez take the bundles from the rim of the
trunk and place them back in the trunk. When the trunk was closed, Peloquin noted
that the duffel bags were still open. Appellant and Dominguez entered the Civic and
drove away. 
          Dominguez drove the Civic to his residence, a short distance from the park, and
Peloquin followed him. Officer Tim Smith, a police patrol unit assisting Peloquin, 
observed Dominguez pull into the driveway of his residence and arrested appellant
and Dominguez. When Detective Peloquin arrived, shortly after Smith, Peloquin
obtained the keys to the Civic and removed the marihuana and the duffel bags from
the trunk. The duffel bags were still unzipped and the bundles of marihuana were in
the same place and appeared the same as when Peloquin first observed them through
his binoculars in the park. 
                                                 Standard of Review
          We generally review a trial court’s ruling on a motion to suppress under the
abuse-of-discretion standard. Balentine v. State, 71 S.W.3d 763, 768 (Tex. Crim.
App. 2002); Oles v. State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999); Shpikula v.
State, 68 S.W.3d 212, 218 (Tex. App.—Houston [1st Dist] 2002, pet. ref’d). In
applying this standard, we defer to the trial court’s determination of historical facts
and review the court’s application of search and seizure law de novo. Balentine, 71
S.W.3d at 768; Shpikula, 68 S.W.3d at 218. 
          Appellant contends the issues on appeal do not turn on the credibility of the
witnesses and argues that we must therefore review the trial court’s ruling entirely de
novo as a mixed question of law and fact. See Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997). 
          Appellant’s primary focus in the trial court, however, was to impeach Detective
Peloquin’s version of the historical facts by questioning his ability to remember facts
he had omitted from his police report and by presenting a version of the facts that
differed significantly from Peloquin’s.


 The trial court’s decision to deny the motion
to suppress thus turned significantly on resolving conflicts in testimony and assessing
the credibility and demeanor of all the witnesses—Detective Peloquin, Officer Smith,
appellant and Dominguez. Accordingly, we must defer to the trial court’s resolution
of the historical facts. See Balentine, 71 S.W.3d at 768; Shpikula, 68 S.W.3d at 218. 
          In addition, because the trial court did not make explicit findings of the
historical facts, we review the evidence in a light most favorable to the trial court’s
ruling and assume that the trial court made implicit findings of fact supported in the
record. See Balentine, 71 S.W.3d at 768. If the trial court’s decision is correct under
any theory of law applicable to the case, we will affirm on that ground. Roquemore
v. State, 60 S.W.3d 962, 866 (Tex. Crim. App. 2001); Franklin v. State, 976 S.W.2d
780, 781 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d).
Warrantless Search and Seizure
          Appellant brings three issues to challenge the denial of her motion to suppress
the marihuana Detective Peloquin seized from the trunk of the Civic without a
warrant. In these issues, appellant contends the trial court’s ruling violates the Fourth
Amendment of the United States Constitution, article I, section 9 of the Texas
Constitution, and article 38.23 of the Code of Criminal Procedure. See U.S. Const.
amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon
Supp. 2003). Appellant’s specific arguments supporting these issues are that (1) the
trial court erred by finding that appellant did not have standing to contest the seizure
of the marihuana and (2) the State did not meet its burden to establish an exception
to the warrant requirement for the vehicle search. 
          Appellant does not distinguish between the protections afforded by the United
States and Texas Constitutions. See McCambridge v. State, 712 S.W.2d 499, 501-02
n.9 (Tex. Crim. App. 1986) (explaining that counsel should carefully separate state
and federal constitutional grounds). Moreover, appellant does not contend that article
38.23 of the Code of Criminal Procedure affords her any protections beyond remedial
exclusion of illegally obtained evidence. See Tex. Code Crim. Proc. Ann. art.
38.23. Because appellant has inadequately briefed her second issue, which relies on
the Texas Constitution, and her third issue, which relies on article 38.23, we decline
to address these issues. See Tex. R. App. P. 38.1(h); Balentine, 71 S.W.3d at 766 n.2. 
          We overrule appellant’s second and third issues because they present nothing
for review.
          In her first issue, appellant contends the trial court violated appellant’s rights
under the Fourth Amendment of the United States Constitution by denying her
motion to suppress. See U.S. Const. amend. IV. A defendant who seeks to suppress
evidence on the basis of a Fourth Amendment violation bears the burden of proof. 
Russell v. State, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986). A defendant meets this
initial burden by establishing that a search or seizure occurred without a warrant. Id. 
It is undisputed that Detective Peloquin seized the marihuana without a warrant. 
Therefore, the State had to prove the reasonableness of the search or seizure. Id. at
10. A search conducted without a warrant issued on probable cause is unreasonable
per se under the Fourth Amendment, and the fruits of the search must be excluded
unless a valid exception to the warrant requirement is shown. See Reasor v. State, 12
S.W.3d 813, 817 (Tex. Crim. App. 2000); Franklin, 976 S.W.2d at 781. 
          Although the State has the burden to establish a valid exception to the warrant
requirement, see Franklin, 976 S.W.2d at 781, a defendant who asserts a Fourth
Amendment claim has the initial burden to establish, as an element of that claim, a
legitimate expectation of privacy in the premises searched. State v. Klima, 934
S.W.2d 109, 110-11 (Tex. Crim. App. 1996). A defendant who does not meet that
burden has no standing to assert a motion to suppress evidence seized without a
warrant, and the trial court may deny the motion to suppress. See id. 
          The State opposed appellant’s motion to suppress on two grounds. The first
ground was that appellant had not established standing. The State alternatively
claimed that a valid exception to the warrant requirement applied because the
circumstances were sufficient to warrant a reasonable person to believe that appellant
had committed an offense while in a motor vehicle. See Hughes v. State, 24 S.W.3d
833, 838 (Tex. Crim. App. 2000). 
Standing
          Appellant concedes she had the burden to establish her standing to bring a
motion to suppress, but contends we must review the trial court’s ruling de novo, as
a question of law. Appellant relies on this Court’s opinion in State v. Johnson, 896
S.W.2d 277 (Tex. App.—Houston [1st Dist.], aff’d on other grounds, 939 S.W.2d 586
(Tex. Crim. App. 1996), in which we stated the following:
The State raises the issue of standing for the first time on appeal. In the
absence of findings of fact and conclusions of law, we must assume that
the trial court found the necessary facts to support its ruling. Standing,
however, is a question of law, which should be reviewed de novo by the
appellate court.

Id. at 285; see also State v. Allen, 53 S.W.3d 731, 732 (Tex. App.—Houston [1st Dist.
2001, no pet.) (“We review standing de novo, as it is a question of law.”) (citing
Johnson). Johnson and Allen were both State’s appeals in which we recognized the
State’s right to challenge standing for the first time on appeal. Johnson, 896 S.W.2d 
at 285; Allen, 53 S.W.3d at 732; accord, Klima, 934 S.W.2d at 110-11 (recognizing
that defendant’s failure to prove standing may be raised at any time, including for the
first time on appeal, because standing is an element of a Fourth Amendment claim);
Wilson v. State, 692 S.W.2d 661, 669 (Tex. Crim. App. 1984) (opinion on rehearing)
(recognizing same principle).
          In relying on Johnson and Allen for the proposition that standing is reviewable
de novo, and contending that the trial court’s ruling does not turn on the credibility
of witnesses, appellant ignores that there were conflicts in the pertinent evidence and
thus impliedly rejects the settled requirement that we must defer to trial-court rulings
when these depend on assessing the credibility of witnesses and resolving conflicts
in the evidence. See Johnson, 896 S.W.2d at 285, 280, 282. Neither Johnson nor
Allen supports appellant’s position. 
          The facts in Johnson show that, after Johnson was arrested, the vehicle he was
driving was taken to a police lot and searched, and evidence of his crime was
discovered incident to that search. Id. at 284. During the hearing on the motion to
suppress, Johnson claimed that he had standing to challenge the search because the
owner of the vehicle had given Johnson permission to drive it and he therefore had
a reasonable expectation of privacy in his use of the vehicle. Id. at 285. The State
claimed that because the actual owner of the vehicle was deceased, Johnson could not
have had permission to drive the vehicle. Id. The trial court granted Johnson’s
motion to suppress the evidence, and the State appealed, claiming that Johnson did
not have standing to challenge the search. Id. In holding that Johnson had standing
to challenge the search and that standing is a question of law, to be reviewed de novo
by the appellate court, we also stated that the disputed testimony regarding the issue
of permission to drive the vehicle further required that we defer to the trial court’s
ruling because the trial court had to exercise its fact-finding role in assessing
Johnson’s credibility and resolving the disputed issue of permission. See id. 
          In Allen, a peace officer stopped a vehicle Allen was driving and found illegal
narcotics in the trunk of the vehicle. 53 S.W.3d at 732. A videotape of the incident
was introduced during the hearing on the motion to suppress. Allen did not testify,
and there were no disputed facts for the trial court to resolve. Id. Citing Johnson, we
again stated that standing is a question of law to be reviewed de novo. Id. at 732. 
Although we decided the standing issue as a pure question of law in Allen, we did not
depart from Johnson in doing so. There were simply no disputed facts that required
us to defer to the trial court’s ruling. 
          Thus, although both Johnson and Allen hold that we review standing de novo,
we must continue to provide the required and well-settled deference to the trial
court’s decision on the standing issue, when, as here, that ruling results from the trial
court’s having resolved conflicts in the evidence and having assessed the credibility
of witnesses. See Balentine, 71 S.W.3d at 768; Allen, 53 S.W.3d at 732; Shpikula,
68 S.W.3d at 218; Johnson, 986 S.W.2d at 285, 280, 282. 
          As the following analysis indicates, in this case, the facts concerning ownership
and possession of the Civic were disputed and the issue remained unresolved at the
close of the hearing on appellant’s motion to suppress. Accordingly, we may not
review the trial court’s ruling de novo and must defer to the trial court’s resolution.
          Appellant argues she met her burden to establish the standing element of her
Fourth Amendment claim because Detective Peloquin testified that appellant told him
the Civic was hers. Appellant also points out that Detective Peloquin recalled that
the paper plates on the Civic showed it belonged to Chris Auto Sales car lot. In her
own testimony, however, appellant denied she told police she owned the car and also
denied she owned the Civic. In addition, appellant denied she owned the Chris Auto
Sales business, claimed she owned only the “D/B/A” for the business, and maintained
that her codefendant, Dominguez, owned the Civic. Dominguez likewise denied he
owned the Civic and claimed it belonged to “someone” who took it to be repaired.
Ownership and right to possession of the Civic thus remained completely unresolved. 
          In announcing the ruling denying the motion to suppress, the trial court
emphasized that neither appellant nor Dominguez “wanted to take responsibility” for
the vehicle and that the issue of standing was “clearly muddy” for that reason. We
agree. 
          Giving deference to the trial court’s assessments of the credibility of the
witnesses, we hold that appellant failed to meet her burden to establish standing. 
Having disclaimed any possessory interest in the vehicle or the items seized from the
vehicle, appellant could not claim a legitimate, reasonable expectation of privacy in
either the vehicle or the items seized from the vehicle and therefore lacked standing
to assert a Fourth Amendment claim. See Hughes, 24 S.W.3d at 838. The trial court
properly denied appellant’s motion to suppress. 
          Having concluded that lack of standing is a correct theory of law that both
supports the trial court’s denying appellant’s motion to suppress and finds adequate
support in the record, we need not address the State’s alternative opposition to
appellant’s motion to suppress. See Roquemore, 60 S.W.3d at 866; Franklin, 976
S.W.2d at 781. 
          Accordingly, we overrule appellant’s issues. 
                                                         Conclusion
          We affirm the judgment of the trial court.
 
 

     Elsa Alcala
     Justice

Panel consists of Justices Taft, Alcala, and Price.




Do not publish. Tex. R. App. P. 47.2(b).