Opinion issued April 29, 2004
 



     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00365-CR




EDWARD LEE PARKER, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 890,083




MEMORANDUM OPINION
          After the trial court denied his motion to suppress, appellant, Edward Lee
Parker, Jr., pleaded guilty to the felony offense of possession of a controlled
substance, cocaine, weighing more than four and less than 200 grams. In accordance
with appellant’s plea agreement with the State, the trial court sentenced appellant to
10 years in prison. In his sole point of error, appellant contends that the State had
insufficient probable cause to search his vehicle following his lawful arrest pursuant
to a warrant and that the trial court therefore abused its discretion by denying
appellant’s motion to suppress contraband seized from his vehicle.


 
Motion to Suppress
          Appellant contends that the trial court erred by denying the motion to suppress
because the search of appellant’s motor vehicle was without probable cause or
reasonable suspicion, in violation of the Texas Constitution and Texas Code of
Criminal Procedure. See Tex. Const. art. 1, § 9; Tex. Code Crim. Proc. Ann. art.
38.23 (Vernon 2003).
          We review a trial court’s ruling on a motion to suppress for abuse of discretion
and in the light most favorable to the trial court’s ruling. Villarreal v. State, 935
S.W.2d 134, 138 (Tex. Crim. App. 1996); Dickey v. State, 96 S.W.3d 610, 612 (Tex.
App.—Houston [1st Dist.] 2002, no pet.); Curry v. State, 965 S.W.2d 32, 33 (Tex.
App.—Houston [1st Dist.] 1998, no pet.). In reviewing the court’s exercise of
discretion, we apply a bifurcated standard of review. State v. Ross, 32 S.W.3d 853,
856 (Tex. Crim. App. 2000). We defer almost totally to the trial court’s
determination of historical facts that depend on credibility assessments. Id.; Dickey,
96 S.W.3d at 612. We review, de novo, however, the trial court’s application of the
law to those facts. Ross, 32 S.W.3d at 856. We also review de novo the trial court’s
application of the law of search and seizure and probable cause. Id.; Wilson v. State,
98 S.W.3d 265, 271 (Tex. App.Houston [1st Dist.] 2002, pet. ref’d). We will
uphold the trial court’s ruling on a motion to suppress if any applicable legal theory
supports it. Ross, 32 S.W.3d at 856; Dickey, 96 S.W.3d at 612; see Franklin v. State,
976 S.W.2d 780, 781 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d); 
          An officer may conduct a warrantless search of a motor vehicle if the officer
has probable cause to believe that the vehicle contains evidence of a crime. Powell
v. State, 898 S.W.2d 821, 827 (Tex. Crim. App. 1994); Franklin, 976 S.W.2d at 781-82 (citing Carroll v. United States, 267 U.S. 132, 155-56, 45 S. Ct. 280, 286 (1925));
Probable cause exists when the facts and circumstances within the knowledge of the
officer would lead a person of reasonable caution and prudence to believe that the
instrumentality of a crime or evidence will be found within the vehicle. State v.
Ballard, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999). We determine “probable
cause” by considering the totality of the circumstances. Eisenhauer v. State, 678
S.W.2d 947, 952 (Tex. Crim. App. 1984). 
          The only witness who testified at the hearing on appellant’s motion to suppress
was Officer Walter Redman, a 21-year veteran Houston Police Officer, who had been
assigned to narcotics investigations for about 15 years. Officer Redman received
information that appellant was involved in the distribution of crack cocaine in the
Acres Homes area of Houston and began an investigation of appellant that resulted
in obtaining an arrest warrant for appellant and a search warrant for his residence. In
preparing to execute the warrant, Officer Redman, working undercover, conducted
intermittent surveillance outside appellant’s apartment for about a week to determine
appellant’s pattern of behavior. While waiting for other officers to arrive to assist
with execution of the search warrant of appellant’s residence, Officer Redman saw
appellant leave his apartment and walk to a black Ford truck, where he paused outside
the truck for approximately 30 seconds to one minute before getting into it. Officer
Redman could not see what appellant did outside the truck before entering it because
it was beyond his field of vision, but the pause was long enough for appellant to have
placed cocaine and marihuana in the truck. 
          Appellant drove the truck out of his apartment complex and onto the North
Freeway. Officer Redman followed appellant and radioed a patrol car to stop
appellant after observing appellant speed and drive erratically. After appellant’s
vehicle was stopped, he was removed from his truck and arrested pursuant to the
arrest warrant. A search of appellant’s person revealed a single, blue tablet that
appeared to be Viagra in appellant’s front pants’ pocket. The tablet was wrapped in
a small piece of plastic. When Officer Redman asked appellant whether the pill was
his and whether he had a prescription for it, appellant did not respond other than with
obscenities. After recovering the suspected Viagra, Officer Redman placed appellant
in the patrol car. 
          As Officer Redman approached appellant’s truck, he noticed the gas-cap cover
was ajar by approximately one inch and appeared not able to close completely. 
Redman perceived that something was preventing the cap from closing completely
and, from his experience, knew that the gas-tank input area of a vehicle was a
common hiding area for narcotics, and thus suspected that appellant had stored
narcotics beneath the gas-cap cover of the truck. When he inspected under the cover, 
Redman found a bag of marihuana that was of sufficient quantity to prevent the cover
from closing completely. Suspecting that appellant might have placed something
under the hood when he had lingered outside the truck before leaving his apartment
complex, Officer Redman raised the hood of the truck and located a bag of crack
cocaine in plain view. 
          Officer Redman, who had 15 years’ experience in narcotics investigations, had
knowledge of the following facts and circumstances. First, according to a
confidential and reliable informant, on October 3, 2001, appellant possessed cocaine
with the intent to deliver it. Second, a magistrate had signed a search warrant for
appellant’s apartment on Ella Boulevard, indicating that there was sufficient probable
cause to believe that the apartment contained cocaine. Third, a magistrate had signed
an arrest warrant for appellant for the offense of possession with intent to deliver
cocaine. Fourth, on October 5, 2001, appellant approached his truck, which was
parked at his apartment complex on Ella Boulevard, and stood outside his truck for
a sufficient length of time to have placed cocaine and marihuana in his truck. Fifth,
appellant drove erratically, at a high rate speed, and was hostile. Sixth, appellant had
in his possession what appeared to be a tablet for a prescription medication for which
he did not claim to have a physician’s prescription. Seventh, the tablet appellant
possessed was individually wrapped in plastic, as if for resale. Eighth, the gas-cap
cover to appellant’s truck was slightly ajar and appeared to have something beneath
it that prevented the cap from closing completely. Ninth, from Officer Redman’s
experience, he knew that the gas-tank input area of a vehicle was a common hiding
area for narcotics and thus suspected that appellant had stored narcotics beneath the
gas cap of the truck. 
          Under the totality of these circumstances, a person of reasonable caution and
prudence could have believed that illegal narcotics evidence would be found in
appellant’s vehicle. Accordingly, Officer Redmond had probable cause to search
underneath the gas cap for illegal narcotics. See State v. Ballard, 987 S.W.2d 889,
892 (Tex. Crim. App. 1999); Eisenhauer, 678 S.W.2d at 952. 
          “If probable cause justifies the search of a lawfully stopped vehicle, it justifies
the search of every part of the vehicle and its contents that may conceal the object of
the search.” United States v. Ross, 456 U.S. 798, 825, 102 S. Ct. 2157, 2173 (1982);
accord Myles v. State, 946 S.W.2d 630, 634 (Tex. App.—Houston [14th Dist.] 1997,
no pet.); Cummings v. State, 727 S.W.2d 348, 351 (Tex. App.—Houston [1st Dist.]
1987, pet. ref’d). The object of the search and the places in which there is probable
cause to believe that the object of the search may be found determine the scope of the
search. Ross, 456 U.S. at 799, 102 S. Ct. at 2159; Cummings, 727 S.W.2d at 351. 
Accordingly, having discovered illegal narcotics beneath the gas cap, Officer Redman
had probable cause to proceed, without a warrant, to search the vehicle further
underneath the hood of the truck, based on the probable cause that additional
narcotics might be found there. 
           We hold that the trial court properly overruled appellant’s motion to suppress
the marihuana seized from beneath the gas cap of appellant’s truck and the cocaine
seized from beneath the truck’s hood.
          We overrule appellant’s sole point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.
 
Do not publish. Tex. R. App. P. 47.2(b).