Opinion issued May 6, 2004












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00426-CR




AARON BEN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 920632




MEMORANDUM OPINION

          Appellant pleaded not guilty to the felony offense of possession with intent to
deliver a controlled substance, namely, cocaine, weighing more than four grams and
less than 200 grams. A jury convicted appellant and assessed punishment at eight
years in prison. In a sole point of error, appellant contends that the trial court erred
by denying his motion to suppress the cocaine that was obtained during the search of
the vehicle that he occupied. The State responds that appellant has no standing to
contest the lawfulness of the search, and, in the alternative, that police officers had
sufficient probable cause to justify the search. We affirm.
Background
          While on patrol in northeast Houston, on August 20, 2002, at around 9:20 p.m.,
Houston Police Department Officers E. L. Newman and Bridgette Lummus observed
a person believed to be a prostitute standing in front of a motel known to rent rooms
for prostitution and illegal drug use. When the officers entered the motel’s parking
lot in their marked patrol car, they noticed a dark blue Buick parked, but with its
motor still running, in the parking lot. The officers observed a man, later identified
as Andrew Rogers, get out of the Buick. Rogers appeared startled by the presence of
the police officers and walked quickly in a direction away from them into a room in
the motel.
          The officers ran the Buick’s license plate number on their patrol car’s computer
to determine if the Buick was wanted by police or had warrants linked to it. The
computer’s response to the inquiry was, “Caution, suspicious vehicle,” followed by
information stating that the Buick had been reported as being involved in a theft
earlier that day.
          When Officer Newman observed Rogers enter the motel room, Rogers was
wearing a red shirt and white baseball cap. About five to 10 minutes later, a juvenile
walked out of the same motel room wearing the same red shirt and white baseball cap
that Rogers had worn. Officer Newman spoke to the occupants of the motel room and
learned that Rogers had traded clothes with the juvenile and had asked the juvenile
to leave the room to see if the police were still there. Rogers denied that he had been
in the Buick that the officers had seen in the parking lot. The officers let Rogers go
after they determined that there were no outstanding warrants for his arrest.
          Officer Lummus approached the Buick, whose motor was still running. 
Because the car’s windows were heavily tinted, Lummus shined her flashlight inside
the vehicle, where she observed appellant lying down on the fully-reclined driver’s
seat. Lummus asked appellant to get out of the vehicle, and he complied. Lummus
asked appellant if the car was his, and he responded that it was. The officers asked
appellant who the man was who had gotten out of the Buick when they first arrived,
but appellant denied knowing Rogers and denied that he had been in the car. When
the officers questioned appellant about the theft discovered in the officers’
investigation, he said that his wife had used the Buick earlier that day.
          At this point, Officer Newman, decided to enter the Buick because, “Based on
everything that–the whole scope of this initial investigation, the suspicious hit on the
vehicle, the suspicious activity of both the defendant and the person who had gotten
out of the vehicle, based on the fact that we had the vehicle showing as a vehicle that
was used within the last 24 hours in a theft case . . . we went ahead and started
investigating for the theft.”
          When Officer Newman opened the door to the Buick, he smelled “the very
distinct odor of fresh crack cocaine,” an odor that he was able to identify based on his
12 years’ experience as a police officer and his numerous arrests of suspects for crack
cocaine possession. During Newman’s search of the Buick, he discovered a large bag
containing 40 to 60 rocks of crack cocaine that weighed approximately 11.75 grams
beneath the driver’s seat. After the cocaine was found, appellant admitted that he
knew Rogers and claimed that Rogers must have placed the cocaine under the seat. 
The police officers’ subsequent investigation revealed that appellant’s wife was
involved as a suspect in a “snatch-and-grab” theft.Standing
          The State contends that appellant has no standing to contest the validity of the
search. A defendant who asserts a Fourth Amendment claim has the initial burden
to establish a legitimate expectation of privacy in the premises searched. State v.
Klima, 934 S.W.2d 109, 111 (Tex. Crim. App. 1996). A defendant who does not
meet that burden has no standing to assert a motion to suppress evidence seized
without a warrant, and the trial court may deny the motion to suppress. Id. Standing
to assert a Fourth Amendment claim may be challenged for the first time on appeal. 
Id. 
          The testimony established that the Buick was not registered to appellant. 
According to Officer Newman, however, registration does not necessarily determine
ownership or possession. Additionally, even though appellant claimed that he had
forgotten the name of the person who owned the Buick and that the person was
thinking about taking the car back because appellant owed money for the car,
appellant’s other testimony established that the car was his. Appellant was inside the
Buick, in the driver’s seat, with the ignition running. Appellant referred to the Buick
as “my car” on the night of his arrest and during the motion to suppress hearing.
Officer Newman testified that, “We determined that the car did belong to Mr. Ben
because he told us so.” We conclude that appellant had a reasonable expectation of
privacy in the Buick, and therefore, that appellant has standing to contest the search
of his vehicle. See id.
Probable Cause
          Appellant contends that the trial court erred by denying his motion to suppress
because the officers lacked sufficient information to lead a reasonable person to
believe that evidence of theft could probably be found in the Buick. Additionally,
appellant contends that because the officers lacked enough information to be able to
describe with particularity what evidence they were looking for, their search was no
more than exploratory in nature.



          We review a trial court’s ruling on a motion to suppress for abuse of discretion
and the facts in the light most favorable to the trial court’s ruling. Villarreal v. State,
935 S.W.2d 134, 138 (Tex. Crim. App.1996); Dickey v. State, 96 S.W.3d 610, 612
(Tex. App.—Houston [1st Dist.] 2002, no pet.). In reviewing the court’s exercise of
discretion, we apply a bifurcated standard of review. Carmouche v. State, 10 S.W.3d
323, 327 (Tex. Crim. App. 2000). We defer almost totally to the trial court’s
determination of historical facts that depend on credibility assessments. Id.; Dickey,
96 S.W.3d at 612; Franklin v. State, 976 S.W.2d 780, 781 (Tex. App.—Houston [1st
Dist.] 1998, pet. ref’d). We review, de novo, however, the trial court’s application
of the law to those facts. Carmouche, 10 S.W.3d at 327. We also review de novo the
trial court’s application of the law of search and seizure and probable cause. State v.
Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Wilson v. State, 98 S.W.3d 265,
271 (Tex. App.Houston [1st Dist.] 2002, pet. ref’d). We will uphold the trial
court’s ruling on a motion to suppress if any applicable legal theory supports it.
 
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Dickey, 96 S.W.3d 
at 612; Franklin, 976 S.W.2d at 781-82.
          An officer may conduct a warrantless search of a motor vehicle if the officer
has probable cause to believe that the vehicle contains evidence of a crime. Powell
v. State, 898 S.W.2d 821, 827 (Tex. Crim. App. 1994); Franklin, 976 S.W.2d at 781-82 (citing Carroll v. United States, 267 U.S. 132, 155-56, 45 S. Ct. 280, 286 (1925)). 
Probable cause exists when the facts and circumstances within the knowledge of the
officer would lead a person of reasonable caution and prudence to believe that the
instrumentality of a crime or evidence will be found within the vehicle. State v.
Ballard, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999). We determine whether
probable cause exists by considering the totality of the circumstances. Eisenhauer
v. State, 678 S.W.2d 947, 952 (Tex. Crim. App. 1984). 
          Before entering the Buick to search for evidence of the theft, the officers knew
the following information. First, the motel was known to rent rooms for prostitution
and narcotics use. Second, Rogers left the Buick and entered a room in the motel. 
Third, Rogers changed clothes with a juvenile and instructed the juvenile to check
whether the police were still present. Fourth, the police computer alerted the officers
to exercise “caution” because the Buick was a “suspicious vehicle.” Fifth, the police
computer indicated that the Buick had been reported as involved in a theft earlier that
day. Sixth, appellant was inside the parked Buick, with the motor running, and was
lying down on the fully-reclined driver’s seat. Seventh, Rogers and appellant denied
that Rogers had been in the Buick before entering the motel, contrary to the officers’
own observations. Eighth, appellant said that his wife had used the Buick earlier that
day, when the theft occurred. Based on the totality of these circumstances, it was
reasonable for Officer Newman to open the door of the Buick to begin his search for
evidence of the theft that had occurred earlier that day. 
          After Officer Newman opened the door to the Buick, the odor of fresh crack
cocaine constituted probable cause to search the entire vehicle, not only for evidence
of the theft, but also for evidence of cocaine. It was therefore reasonable for Officer
Newman to search beneath the driver’s seat.
          We overrule appellant’s sole point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 

                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.

Do Not Publish. Tex. R. App. P. 47.2(b).