Alton Jerome DICKEY, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–01–00901–CR to
01–01–00903–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 19, 2002.

Douglas Durham, Houston, for Appellant.

Kelly Ann Smith, Assistant District Attorney, Houston, for Appellee.

Panel consists of Justices HEDGES, KEYES, and EVANS.[1]

### OPINION

ADELE HEDGES, Justice.

Appellant, Alton Jerome Dickey, pled guilty to the offenses of escape, possession of cocaine, and possession of marihuana. The trial court sentenced him to seven years' confinement in causes numbers 868635 and 868636 and 180 days in cause number 880168. Appellant appeals the trial court's denial of his motions to suppress in the three cases. We affirm.

### Background

On February 9, 2001, Officer Condon went to the Texas Truck Shop, a car detail shop, to assist fellow officers in an arrest. The shop had two large bay doors that opened into a garage. When he arrived, Officer Condon saw appellant sitting on the ground in front of the left bay door. Another officer on the scene told ·Officer Condon that appellant had given the police verbal permission to get his driver's li-

cense out of the glove box of his truck. Consequently, Officer Condon asked for and obtained appellant's keys. Upon opening the door, Officer Condon smelled a strong odor of marijuana coming from inside the truck. Immediately, Officer Condon shut the door of the truck and asked appellant to sign a written consent form giving Officers Condon and Seitzinger permission to search the truck. Appellant signed the consent form. Thereafter, Officer Condon searched appellant's truck and found marijuana, cocaine, drug paraphernalia, and a handgun. The contraband was found inside two boxes that contained two speakers. The marijuana and drug paraphernalia were found behind a speaker that did not have screws in it. However, Officer Condon had to unscrew the speaker where the cocaine and the handgun were found. At this point, appellant began fleeing the scene, and several officers chased after him.

### Waiver

■ The State argues that appellant waived his right to appeal as a condition to his plea bargains. The plea of guilty in each cause states, "No agreed recommendation but if defendant appears to be sentenced then 180 days state jail" in cause number 880168, and "7 years TDCJ–ID" in cause numbers 868635 and 868636. The trial court assessed punishment at 180 days in a state jail in cause number 880168 and sentenced appellant to seven years in prison in cause numbers 868635 and 868636.

Notwithstanding the similarities between the written statement in the pleas of guilty and the punishments assessed by the court, we conclude that appellant and the State did not enter into plea bargains. The pleas of guilty clearly state that, "no

---

1. The Honorable Frank G. Evans, retired Chief Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

agreed recommendation" was reached, and the remaining clause expresses conditional recommendation. Such a conditional recommendation does not create a plea bargain where the parties have expressly stated that one does not exist.

### Motion to Suppress

■ In his sole point of error, appellant contends that the trial court erred when it denied his motions to suppress because the State failed to prove by clear and convincing evidence that appellant voluntarily consented to the search of his truck. *See Carmouche v. State*, 10 S.W.3d 323, 331 (Tex.Crim.App.2000). We review a trial court's ruling on a motion to suppress using a bifurcated standard of review. *Id.* at 327. First, we give almost total deference to a trial judge's determination of historical facts and application of the law to fact questions that turn on credibility and demeanor of the witnesses. *Id.; Martinez v. State*, 29 S.W.3d 609, 611 (Tex. App.-Houston [1st Dist.] 2000, pet. ref'd). Second, we review de novo application of the law to fact questions that do not turn upon credibility and demeanor. *Id.* When the trial court does not make findings of fact, we review the evidence in the light most favorable to the trial court's ruling. *Id.* at 328.

In this case, the trial court denied appellant's motion to suppress. It did not make explicit findings of fact. Therefore, we review the evidence in the light most favorable to this ruling. We will uphold this ruling if it is supported by any applicable legal theory. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990).

Appellant contends that he did not voluntarily consent to a search of his truck. Appellant concedes that he signed a written consent form that broadened the scope of the search to containers in the truck. However, appellant contends that, because

he did not read the consent form and because the officer did not read the form to him, he did not know that he had a right to refuse to give consent. Moreover, appellant testified that he believed that he was giving consent to search the glove box only. He argues that these facts establish that the State failed to prove by clear and convincing evidence that his consent was voluntarily given.

Officer Condon testified that he did not brandish a weapon when he asked appellant to sign the consent form. Officer Condon also testified that he read the consent form to appellant and that appellant seemed to understand what he was being told. The consent form was admitted into evidence. The form clearly states that the signer understands that he has the right to refuse to consent to the search and the right to refuse to sign the consent. Furthermore, it states that "no promises, threats, force, or physical or mental coercion of any kind whatsoever has been used against me to consent to the search described above, or to sign this form."

In a suppression hearing, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *State v. Ballard*, 987 S.W.2d 889, 891 (Tex.Crim.App. 1999); *Martinez*, 29 S.W.3d at 611. We hold that the trial court did not abuse its discretion in denying appellant's motions to suppress.

■ Moreover, a warrantless search is valid, even if consent was involuntarily given, if the State proves that the officer had probable cause at the time the search was conducted and there were exigent circumstances or the automobile exception apply. *Carroll v. United States*, 267 U.S. 132, 156, 45 S.Ct. 280, 286, 69 L.Ed. 543 (1925); *Scott v. State*, 531 S.W.2d 825, 827 (Tex. Crim.App.1976). A warrantless search of

an automobile based on probable cause is justified under the United States and Texas Constitutions because a vehicle can be quickly moved out of the location or jurisdiction in which the warrant must be sought, making obtaining a warrant impractical. *Carroll,* 267 U.S. at 156, 45 S.Ct. at 286; *Moulden v. State,* 576 S.W.2d 817, 819 (Tex.Crim.App.1978).

Thus, in this case, the question becomes whether, under the circumstances, it was incumbent upon the officers to seize the vehicle, seek out a magistrate, obtain a search warrant and carry out a search pursuant thereto. *Chambers v. Maroney,* 399 U.S. 42, 52, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419 (1970). The United States Supreme Court and the Texas Court of Criminal Appeals have held that, "for constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search." *Id.; Scott,* 531 S.W.2d at 827 (citing *Chambers,* 399 U.S. at 52, 90 S.Ct. at 1981).

Finding that the automobile exception applies, we now turn to whether the evidence was lawfully seized. Evidence is lawfully seized if it meets the requirements of the "plain view" doctrine. That doctrine requires that (1) law enforcement officials have a right to be where they are, and (2) it must be immediately apparent that the item seized constitutes evidence (that is, there is probable cause to associate the item with criminal activity). *State v. Haley,* 811 S.W.2d 597, 599 (Tex.Crim.App. 1991); *Ramos v. State,* 934 S.W.2d 358, 365 (Tex.Crim.App.1996). We believe that the plain view doctrine applies with equal force to items that can be plainly smelled.

Accordingly, we first examine whether the officer had a right to open the door of appellant's truck. Appellant admitted that he gave the officer his keys and that he gave the officer absolute permission to retrieve his identification. Appellant does not challenge the voluntariness of this consent. Thus, the officer had the right to open the door to appellant's truck and retrieve his identification from the glove box.

Next, we examine whether there was probable cause to associate the smell of marijuana with criminal activity. Probable cause exists when the facts and circumstances, within the knowledge of the officer, would lead a person of reasonable caution and prudence to believe that an instrumentality of a crime or evidence will be found. *Moulden,* 576 S.W.2d at 819; *Autry v. State,* 21 S.W.3d 590, 592 (Tex. App.-Houston [1st Dist.] 2000, no pet.). Texas courts have found probable cause to search based solely on the smell of marihuana. *Razo v. State,* 577 S.W.2d 709, 711 (Tex.Crim.App. [Panel Op.] 1979); *Joseph v. State,* 3 S.W.3d 627, 634 (Tex.App.-Houston [14th Dist.] 1999, no pet.); *Taylor v. State,* 20 S.W.3d 51, 55 (Tex.App.-Texarkana 2000, pet. ref'd). Officer Condon testified that when he opened the door he smelled a very strong odor of raw marijuana. Accordingly, the trial court did not abuse its discretion in finding probable cause existed.

We recognize that the Court of Criminal Appeals has held that "[t]he odor of marijuana, standing alone, does not authorize a warrantless search and seizure in a home. An arresting officer must have specific knowledge to believe that the person to be arrested has committed the offense." *State v. Steelman,* 93 S.W.3d 102, 108 (Tex. Crim.App.2002).

 The present case is distinguishable. The United States Supreme Court has held that automobiles and other conveyances may be searched without a war-

rant in circumstances that would not justify the search without a warrant of a house, provided that there is probable cause to believe that the car contains articles that the officers are entitled to seize. *Chambers*, 399 U.S. at 48, 90 S.Ct. at 1979. Under the automobile exception, an officer may conduct a warrantless search of a motor vehicle if the officer has probable cause to believe the vehicle contains evidence of a crime. *Carroll*, 267 U.S. at 156, 45 S.Ct. at 286; *Powell v. State*, 898 S.W.2d 821, 827 (Tex.Crim.App.1994). In this case, the search was of a motor vehicle, and the officer conducting the search had probable cause to believe the car contained marijuana.

Therefore, we overrule appellant's sole point of error.

### Conclusion

We affirm the judgments of the trial court.