Affirmed and Memorandum Opinion filed August 19, 2004









Affirmed and Memorandum Opinion filed August 19, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00646-CR

____________

 

IN THE
MATTER OF JOSE ESQUIVEL

 

_________________________________________________________

 

On Appeal from the 272nd District Court

Brazos County, Texas

Trial Court Cause No. 516-J-02

_________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant, Jose Esquivel, pleaded
guilty to possession of marijuana in an amount less than two ounces.  The court placed appellant on probation until
his eighteenth birthday, which was approximately twelve months after
sentencing.  In two issues, appellant
contends the trial court erred in denying his motion to suppress because (1)
the investigative detention should have ceased after the search of the vehicle
and the passengers riding in it proved fruitless and (2) he was illegally
detained.  We affirm. 








I.  Factual and Procedural Background

On November 29, 2002, Officer
Blake Vincent of the Bryan Police Department stopped a pickup truck because
individuals who appeared to be under the age of eighteen were riding in its
bed.  When Officer Vincent approached the
driver of the truck, the officer smelled the odor of burnt marijuana.

Officer Vincent asked for
permission to search the truck, which the driver gave.  Officer Vincent=s search
of the truck did not reveal any marijuana, nor did his subsequent search of the
driver and three of the passengers.

Officer Gabriel Alvarez arrived
at the scene and Officer Vincent asked him to search appellant, who had been
riding in the bed of the truck along with others.  When appellant stepped down from the truck=s bed,
Officer Alvarez smelled the odor of burnt marijuana coming from him and noticed
that he appeared nervous.  Officer
Alvarez began searching appellant, who attempted to flee during the search.  Officer Alvarez restrained him and recovered
a plastic bag containing marijuana.

Appellant was arrested and
charged with possession of marijuana in an amount less than two ounces.  Prior to his guilty plea, appellant filed a
motion to suppress evidence of the marijuana. 
The trial court denied appellant=s
pretrial motion to suppress, prompting this appeal.

II.  Standard
of Review








We review a trial court=s ruling
on a motion to suppress using a bifurcated standard of review.  Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000).  First, we give
almost total deference to a trial court=s
determination of historical facts and the application of the law to fact
questions that turn on credibility and demeanor of the witnesses.  Id.; Joseph v. State, 3 S.W.3d
627, 633 (Tex. App.CHouston
[14th Dist.] 1999, no pet.).  Second,
we review de novo application of the law to fact questions that do not
turn on credibility or demeanor.  Carmouche,
10 S.W.3d at 327.  When the trial
court does not issue any findings of fact, we review the evidence in a light
most favorable to the trial court=s
ruling.  Id. at 328.

Here, the trial court denied
appellant=s motion to suppress and did not
make any explicit findings of fact. 
Therefore, we review the evidence in the light most favorable to the
court=s
ruling.  We will uphold this ruling if it
is supported by any applicable legal theory. 
Romeo v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Dickey
v. State, 96 S.W.3d 610, 612 (Tex. App.CHouston
[1st Dist.] 2002, no pet.).

III.  Length of Detention

In his first issue, appellant
contends the search was unlawful because the investigative detention should
have ceased after the search of the vehicle and the passengers riding in its
interior proved fruitless.

An officer may conduct an
investigative detention when he has reasonable suspicion that an individual is,
has been, or soon will be engaged in criminal activity.  Balentine v. State, 71 S.W.3d 763, 768
(Tex. Crim. App. 2002).  The
investigative detention must be temporary and last no longer than
necessary.  Id. at 770 (citing Florida
v. Royer, 460 U.S. 491, 500 (1983)). 
The officer must diligently pursue a means of investigation that is
likely to confirm or dispel his suspicions quickly.  Id. 
If the original purpose of the detention has been effectuated, any
continued detention must be supported by some additional reasonable
suspicion.  Simpson v. State, 29
S.W.3d 324, 327 (Tex. App.CHouston
[14th Dist.] 2000, pet. ref=d).








Appellant argues that the
original purpose of the stop was exhausted after the search of the truck and the
interior passengers did not produce any marijuana.  However, although no marijuana was located
inside the truck or on the interior passengers, both officers testified that
they smelled burnt marijuana.  Thus, it
was a reasonable deduction that marijuana may have been in the possession of
appellant.  See Hitchcock v.
State, 118 S.W.3d 844, 850 (Tex. App.CTexarkana
2003, pet. ref=d) (AWhen Gipson=s
subsequent search of the car produced alcohol but no usable quantity of drugs,
he reasonably deduced that Hitchcock and the female passenger might have
concealed marihuana on their persons.@).

Further, as we discuss more
thoroughly in Section IV, Officer Alvarez had additional reasonable suspicion
to detain appellant.  Officer Alvarez
smelled the odor of burnt marijuana coming directly from appellant, and he
noticed appellant behaving in a furtive manner, unlike the other occupants of
the truck=s bed.  Based on his observations, Officer Alvarez
reasonably suspected that appellant possessed marijuana.  Thus, the continued detention of appellant
was justified.  See Simpson,
29 S.W.3d at 327.

We overrule appellant=s first
issue.

IV.  Probable Cause

In his second point of error,
appellant contends the search was unlawful because he was illegally
detained.  Appellant argues that, while
the officers may have had probable cause to search the truck and the interior
passengers, they did not have probable cause to search the passengers riding in
the truck=s bed.

Probable cause exists when the
facts and circumstances within an officer=s
knowledge and of which he has reasonably trustworthy information are sufficient
in themselves to warrant a person of reasonable caution in the belief that a particular
person has committed or is committing an offense.  Amores v. State, 816 S.W.2d 407, 413
(Tex. Crim. App. 1991).  In determining
whether probable cause for a warrantless search and seizure exists, courts look
to the totality of the circumstances.  Id.  Texas courts have found probable cause for a
warrantless search based on the smell of marijuana alone.  Dickey v. State, 96 S.W.3d at 613
(citing Razo v. State, 577 S.W.2d 709, 711 (Tex. Crim. App. 1979); Joseph
v. State, 3 S.W.3d 627, 634 (Tex. App.CHouston
[14th Dist.] 1999, no pet.); Taylor v. State, 20 S.W.3d 51, 55 (Tex.
App.CTexarkana
2000, pet. ref=d)).








Appellant cites State v.
Steelman, 93 S.W.3d 102 (Tex. Crim. App. 2002), for the proposition that
the smell of marijuana alone does not justify a search.  In Steelman, the Court of Criminal
Appeals held that A[t]he
odor of marijuana, standing alone, does not authorize a warrantless search and
seizure in a home.@  Id. at 108.  However, the protection against a warrantless
search and seizure in a home does not extend to vehicles; a vehicle may be
searched without a warrant in circumstances in which a home could not be
searched without a warrant.  Dickey,
96 S.W.3d at 613B14
(citing Chambers v. Maroney, 399 U.S. 42, 48 (1970)).  Thus, the odor of marijuana alone will
authorize the warrantless search of a motor vehicle and its passengers.  See id.; see also State v. Crawford,
120 S.W.3d 508, 510 n.1 (Tex. App.CDallas
2003, no pet.).

Officer Alvarez was able to smell
the odor of burnt marijuana coming directly from appellant.  He testified:

A.        I asked if [appellant] had anything on
him.  He said, ANo.@  The odor of marijuanaConce he stood in front of
me, he was a foot-and-a-half from me, I could smell the real strong odor of
burnt marijuana off his clothing.

Q.        Coming off his clothing?

A.        Coming off of himCspecifically from
him.  I could smell it when he was in
front of me. . . .

Based on the smell of burnt marijuana alone,
Officer Alvarez had probable cause to search appellant.  See Dickey, 96 S.W.3d at 613; Joseph,
3 S.W.3d at 634; Taylor, 20 S.W.3d at 55.

Additionally, Officer Alvarez
noticed that, unlike the other passengers in the truck=s bed,
appellant was visibly nervous and appeared to be ready to flee.  He testified:

A.        [Appellant] wouldn=t make eye contact, and he
starts looking from side to side.

Q.        In your experience have you seen people
do this in the past, looking from side to side?

A.        On many occasions.  Usually that=s an indicator that they=re preparing to run.  Many times they=re looking for a way to
run, which is the best route to take. 
That concerned me.  He wouldn=t look at me; that=s another concern.  A lot of times they do that.

Q.        Was this different from the other two
fellows in the back of the truck?








A.        Yes, they were very cooperative; he was
not.  He wasn=t belligerent in any way;
he was just nervous; just nervous behavior. . . .

Although appellant=s furtive
gestures alone may not have justified the search, they provided additional support
for it.  See Crockett v. State,
803 S.W.2d 308, 311 (Tex. Crim. App. 1991); Cunningham v. State, 11
S.W.3d 436, 439B40 (Tex.
App.CHouston
[14th Dist.] 2000, no pet.).  Thus,
Officer Alvarez had sufficient cause to search appellant.  We overrule appellant=s second
point of error.

We affirm the judgment of the
trial court.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed August 19, 2004.

Panel consists of Chief Justice Hedges and Justices Frost and Guzman.

Publish C Tex. R. App. P. 47.2(b).