In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-01180-CR
____________

CARTER ALAN NESS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 15 
Harris County, Texas
Trial Court Cause No. 1178822 



 
O P I N I O N
          Appellant, Carter Alan Ness, pleaded nolo contendere to the misdemeanor 
offense of driving while intoxicated,


 but reserved his right to appeal the denial of
his motion to suppress. Pursuant to appellant’s negotiated plea, the trial court
assessed punishment at 180 days in jail, suspended for one year of community
supervision, and a $100 fine. In his sole point of error, appellant contends that the
trial court abused its discretion by overruling his motion to suppress, which alleged
that his breath-test results should be suppressed because he was illegally coerced
by a peace officer to submit to the breath test. We affirm the trial court’s ruling. 
Background
          Houston Police Department Officer William Lindsey administered a field-sobriety test to appellant, whom the officer had pulled over for speeding. After
administering the test, Officer Lindsey told appellant that he was being arrested
and detained for driving while intoxicated (DWI). When appellant questioned the
arrest and said that he “misunderstood ‘detained’ versus ‘arrested[,]’” Officer
Lindsay told appellant that he was being arrested and informed appellant that he
would have an opportunity to give a breath sample. Officer Lindsey then told
appellant that he was being detained, depending on the outcome of the test. 
Another police officer, Officer Pierce, took appellant to the police station, where
he gave appellant the required, statutory warning


 before administering the
intoxilyzer test. Appellant then provided a breath sample for analysis of its blood
alcohol concentration.
          At the hearing on the motion to suppress, the trial court viewed a videotape
of appellant’s arrest that Officer Lindsey had recorded, using the video camera in
his police car. After observing the videotape, the trial court noted on the record
that she heard Officer Lindsey tell appellant that he was under arrest and then say,
“pending the outcome, you’re being detained.”
          Appellant and Officer Lindsey were the only witnesses who testified at the
hearing on the motion to suppress. Officer Lindsey confirmed that he had told
appellant, “right now, all you are is being detained, depending on the outcome of
the test.” Appellant testified as follows at the hearing on his motion to suppress: 
          Q:      Officer Lindsey then told you as you were walking away,
after he said you were under arrest, Well, no—you’re
being detained, and pending the outcome of that—of the
results of the test, you’re only being detained. That’s not
quoting what he said, but that’s basically what he said; is
that correct?
 
          A:     Yes.
 
          Q:      How did you interpret that? What did you interpret that
to mean?
 
          A:      I heard him say that and say, “depending the outcome of
the test.”
 
          Q:      So, how did you interpret that to mean? In your mind,
what did that mean to you?
 
          A:      It meant that I would be released if I passed the test,
pending the outcome of the test.
Appellant claimed that he would not have agreed to take the breath test without
Officer Lindsey’s statement. 
          The trial court ruled that appellant had not been coerced to take the breath
test and denied appellant’s motion to suppress the results of the breath test. 
Motion To Suppress
          In his sole point of error, appellant contends that the trial court erred by
overruling his motion to suppress. Appellant contends that (1) he was coerced to
take the breath test by Officer Lindsey’s statement and (2) he therefore took the
test involuntarily. 
          We review a trial court’s ruling on a motion to suppress for abuse of
discretion, and we review the record of the hearing on the motion in the light most
favorable to the trial court’s ruling. Balentine v. State, 71 S.W.3d 763, 768 (Tex.
Crim. App. 2002); Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App.
1996); Rivera v. State, 808 S.W.2d 80, 96 (Tex. Crim. App. 1991). Ruling on a
motion to suppress lies within the sound discretion of the trial court. Villarreal,
935 S.W.2d at 138. At the hearing on the motion, the trial court is the sole judge
of the credibility of the witnesses and decides the weight to give their testimony.
Id.; Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). Accordingly,
we “must view the record evidence and all reasonable inferences therefrom in the
light most favorable to the trial court’s ruling, and must sustain the trial court’s
ruling if it is reasonably supported by the record and is correct on any theory of
law applicable to the case.” Villarreal, 935 S.W.2d at 138; see Romero, 800
S.W.2d at 543. In reviewing the trial court’s exercise of its discretion, we apply a
bifurcated standard of review that requires us to defer almost totally to the trial
court’s determination of facts that depend on credibility assessments. State v.
Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Dickey v. State, 96 S.W.3d 610,
612 (Tex. App.–Houston[1st Dist.] 2002, no pet.). We review the trial court’s
application of the law de novo. See Ross, 32 S.W.3d at 856; Dickey, 96 S.W.3d at
612.
          Section 724.011 of the Transportation Code, the “implied consent” statute,
provides that a person arrested for suspected driving while intoxicated is deemed to
have consented to the taking of samples for a breath or blood test. Tex. Transp.
Code Ann. § 724.011(a) (Vernon 1999). An adult person arrested for DWI must
be warned that refusal to submit to a breath test will result in the following
consequences: (1) evidence of the refusal will be admissible against the person in
court, and (2) the person’s driver’s license will be suspended for 180 days. Tex.
Transp. Code Ann. § 724.015(1)-(2) (Vernon Supp. 2004-2005); Erdman v.
State, 861 S.W.2d 890, 893 (Tex. Crim. App. 1993) (decided under former version
of section 724.015, which provided for 90-day loss-of-license penalty). The
suspect must likewise be informed of possible consequences if he submits to the
test and the results of the test show a prohibited blood-alcohol level. See Tex.
Transp. Code Ann. § 712.015(3), (4) (Vernon Supp. 2004-2005).
          A suspect’s consent to a breath test must be voluntary. Turpin v. State, 606
S.W. 2d 907, 914 (Tex. Crim. App. 1980) (construing former version of section
724.015 of Transportation Code). For consent to a breath test to be deemed
“voluntary,” a suspect’s decision must not be the result of physical pressure or
psychological pressure brought to bear by law enforcement officials. See Thomas
v. State, 723 S.W.2d 696, 704-05 (Tex. Crim. App. 1986) (noting that consent to
breath test involuntary if induced by physical force or mental coercion); Schafer v.
State, 95 S.W.3d 452, 455 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d)
(noting that consent to breath test involuntary if induced by misstatement of direct
statutory consequences arising from refusal). A suspect’s decision to submit to a
breath test must be his own, made freely, and with a correct understanding of the
statutory consequences of refusal. Erdman, 861 S.W.2d at 893. 
          In Erdman, the arresting officer gave the suspect the warnings concerning
the consequences of refusing to submit to a breath test, as required by section
724.015, but added additional, extra-statutory warnings. Erdman, 861 S.W.2d at
893-94. The extra-statutory warnings included the following: (1) that DWI
charges would be filed against the suspect and (2) that he would be put in jail that
night. Id. at 891, 894. The Court of Criminal Appeals held that the extra-statutory
warnings conveyed to the suspect were of the type that would result in
“considerable psychological pressure.” Id. at 894. Erdman thus stands for the
proposition that law enforcement officials “must take care to warn D.W.I. suspects
correctly about the actual, direct, statutory consequences of refusal.” Id. (emphasis
in original); see also State v. Serrano, 894 S.W.2d 74, 75-76 (Tex. App.—Houston
[14th Dist.] 1995, no pet.) (affirming grant of new trial premised on warnings
provided by arresting officer that exceed warnings listed in statute). 
          Officer Lindsey’s statement here falls far short of the officer’s coercive
statements in Erdman. Officer Lindsey did not make any statements about the
consequences of refusal to take a breath test beyond those listed in section 724.015. 
In stating simply, “pending the outcome, you’re being detained[,]” Officer Lindsey
did not warn appellant that dire consequences would follow if he refused to take
the breath test. Likewise, Officer Lindsey did not make any extra-statutory
assertions about the possible consequences of refusing to submit to the test. 
Accordingly, Officer Lindsey did not coerce appellant to consent. 
          In Sandoval v. State, a DWI suspect asked the arresting officer what
consequences would follow if he passed the breath test. Sandoval v. State, 17
S.W.3d 792, 794 (Tex. App.—Austin 2000, pet. ref’d). The officer told the
suspect that a family member could come to pick him up if he passed, but that he
would be charged with DWI if he did not pass, whereupon the suspect agreed to
take test, which proved positive for alcohol. Id. Sandoval filed a pretrial motion
to suppress the test results on the grounds that he had been coerced, and that his
consent was therefore involuntary. Id. In affirming the trial court’s refusal to
grant the motion to suppress, the Austin Court of Appeals concluded that an
officer’s statements to Sandoval about the consequences of passing or failing the
breath test, were not of the same coercive nature as those in Erdman, which were
premised solely on the consequences of refusing to submit to the test. See
Sandoval, 17 S.W.3d at 797. Moreover, Sandoval did not present additional
evidence to show a causal link between his consent to the breath test and the
officer’s statements. Id.
          Much like the officer’s statements in Sandoval, and unlike the statements in
Erdman, Officer Lindsey’s statement to appellant was not coercive because it did
not encompass the adverse circumstances that would occur if appellant refused to
submit to the test. Although appellant testified that he understood Officer
Lindsey’s statement to mean that he would be released if he passed the breath test
and claimed that he consented to the test based on that understanding, the trial
court acted within its discretion by rejecting appellant’s professed understanding of
Officer Lindsey’s statement, given the officer’s testimony, the videotaped
evidence, and circumstances showing that Officer Pierce gave appellant the correct
statutory warnings before obtaining appellant’s breath test.
          Based on the record of the hearing on appellant’s motion to suppress, we
conclude that the trial court did not abuse its discretion by finding that appellant
was not induced or coerced to submit a breath sample for testing. We conclude
that the trial court, having properly reached the factual determination that appellant
voluntarily submitted to the breath test, did not abuse its discretion by reaching the
legal conclusion that appellant’s motion to suppress should be denied. 
Conclusion
          We affirm the trial court’s ruling and the judgment of the trial court. 

 

     Elsa Alcala
     Justice

Panel consists of Chief Justice Radack and Justices Keyes and Alcala.

Publish. Tex. R. App. P. 47.2(b).