In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-04-01120-CR
____________

THONGPRACHANH BAYHAVONG, Appellant

V.

STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 975093 


 

MEMORANDUM OPINION
          After the trial court denied his motion to suppress evidence, appellant,
Thongprachanh Bayhavong, pleaded guilty to the first degree felony 
offense of possession with intent to deliver at least 400 grams of cocaine, a
controlled substance. See Tex. Health & Safety Code Ann. § 481.112(f)
(Vernon 2003). The trial court found appellant guilty pursuant to a plea
agreement, sentenced him to 18 years’ confinement in prison, and assessed a
$1,000 fine. The trial court certified appellant’s right to appeal the ruling on his
pre-trial motion to suppress. In his sole point of error, appellant contends that the
trial erred by denying his motion to suppress seized evidence because the State
failed to prove that appellant voluntarily abandoned the duffle bag that was
searched without his consent, in violation of both the Fourth Amendment of the
United States Constitution and article 38.23 of the Code of Criminal Procedure. 
We affirm.
Background
          Officer Gomez, a Houston Police Department (HPD) officer, had 21 years
experience, 11 of which were in the narcotics division of HPD. On January 24,
2003, Officer Gomez received a telephone call from an Amtrak employee
regarding a duffle bag left at the train station. Gomez went to the train station,
where Amtrak employees informed him that a bus passenger, later identified as
appellant, had suffered a seizure and was being transported to the hospital by
ambulance. Because appellant had left the bus, Amtrak employees, in accordance
with Amtrak policy, attempted to locate and remove appellant’s bags. After
identifying other bags as belonging to travelers on the bus, a blue duffle bag
remained, which Amtrak employees removed.
          Before appellant left in the ambulance, the Amtrak employees asked him
whether the bag was his. Conscious and coherent, appellant “stated it was not his
bag.” The Amtrak employees opened the duffle bag to attempt to identify its
rightful owner and discovered a suspicious-looking box in the bag. When Officer
Gomez arrived at the bus station, he looked in the bag and noticed a “rectangular
bundle that was wrapped in gray duck [sic] tape and clear plastic” and could see a
“white powdery substance.” Based on his experience, Officer Gomez concluded
that the substance “appeared to be a kilo of cocaine or heroin.” Officer Gomez
continued searching, found another bundle identical to the first, and then found an
airline ticket in the side pocket of the duffle bag bearing appellant’s name. 
          After appellant arrived at the hospital, he refused treatment and was
transported back to the train station by the patrol unit that had been called to the
scene earlier. Officer Gomez arrested appellant, read him his legal rights and
proceeded to question him. In response to Officer Gomez’s question whether
appellant owned the blue duffle bag, appellant said, “No, it’s not mine.” 
Concerning a box in the duffle bag, appellant stated, “No, it’s not mine. I never
seen it before in my life.” Appellant admitted later that the airline ticket was his,
that he forgot to take it out of the bag, and that he was picking up two kilos of
cocaine for $3,000 because he “needed the money.”
          Appellant filed a motion to suppress the evidence seized in connection with
the case, including but not limited to the cocaine found in the bag, and the
custodial statements appellant made to HPD officers. After hearing testimony at
the suppression hearing by Officer Gomez, the only witness at the suppression
hearing, the trial court denied the motion to suppress the seized evidence, but
granted the motion to suppress appellant’s statements.
Motion To Suppress
          Appellant contends that he did not voluntarily abandon his bag and that thus
a search and seizure of the bag violated both the Fourth Amendment’s prohibition
against unreasonable searches and seizures and Code of Criminal Procedure article
38.23 and that, therefore, the trial court erred by denying his motion to suppress
seized evidence. The State contends that appellant voluntarily abandoned his bag
and thus has no standing to challenge the search and seizure.
          We generally review a trial judge’s ruling on a motion to suppress for abuse
of discretion and in the light most favorable to the trial court’s ruling. Balentine v.
State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002); Villarreal v. State, 935 S.W.2d
137, 138 (Tex. Crim. App. 1996); Dickey v. State, 96 S.W.3d 610, 612 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). When, as here, however, a party’s
standing to complain of a Fourth Amendment violation is at issue, we review that
issue de novo. Kothe v. State, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004).
          Code of Criminal Procedure article 38.23 is implicated when evidence is
obtained in violation of the Texas Constitution or laws, or the United States
Constitution or laws. Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon 2005). 
Article 38.23(a) provides, 
No evidence obtained by an officer or other person in violation of any
provisions of the Constitution or laws of the State of Texas, or of the
Constitution or laws of the United States of America, shall be
admitted in evidence against the accused on the trial of any criminal
case.

Id.
          The Fourth Amendment protects individuals against official intrusion into
areas where they have a reasonable expectation of privacy. Tankoy v. State, 738
S.W.2d 63, 66 (Tex. App.—Houston [1st Dist.] 1987, no pet.). A defendant
seeking to suppress evidence obtained in violation of the Fourth Amendment must
show, therefore, that he personally had a reasonable expectation of privacy in the
place that the government invaded. Kothe, 152 S.W.3d at 59. Only after a
defendant has established his standing to complain may a court consider whether
he has suffered a substantive Fourth Amendment violation. Id.
          A party lacks standing to object to the reasonableness of a search of
abandoned property. McDuff v. State, 939 S.W.2d 607, 616 (Tex. Crim. App.
1997). Abandonment of property occurs when the defendant intends to abandon
the property and his decision to abandon it is not due to police misconduct. Id.;
Citizen v. State, 39 S.W.3d 367, 372 (Tex. App.—Houston [1st Dist.] 2001, no
pet.). “When police take possession of abandoned property independent of police
misconduct[,] there is no seizure under the Fourth Amendment.” McDuff, 939
S.W.2d at 616. Abandonment is primarily a question of intent that can be inferred
from the words and actions of the parties and other circumstances surrounding the
alleged abandonment. Id.; Tankoy, 738 S.W.2d at 66. The dispositive issue is
whether the accused voluntarily discarded, left behind, or otherwise relinquished
his interest in property so that he could no longer retain a reasonable expectation of
privacy with regard to it at the time of the search. McDuff, 939 S.W.2d at 616. 
Moreover, disclaiming ownership of a bag is sufficient evidence of a person’s
intent to relinquish this expectation of privacy in the container. See Tankoy, 738
S.W.2d at 67 (holding that police were free to open and search bag because
appellants had repeatedly denied ownership).
          The record shows that appellant voluntarily abandoned his bag. When
Amtrak employees asked appellant whether the bag was his, he denied ownership. 
Moreover, appellant told Officer Gomez that the bag was not his. Appellant
contends, however, that Amtrak employees were acting as agents or in conjunction
with HPD when they searched the bag. Appellant surmises that, because Officer
Gomez had been contacted directly by a confidential informant about the bag,
Amtrak employees must have been working at the behest of Gomez. Despite
appellant’s contentions, the record establishes that police officers were involved
only after appellant voluntarily left for the hospital without his bag after stating
that he did not own it. At that point, Officer Gomez received a call regarding an
abandoned bag. Appellant’s disclaimer of ownership establishes that he
voluntarily relinquished his ownership interest in the bag and thus could no longer
retain a reasonable expectation of privacy in the bag when it was searched. See
McDuff, 939 S.W.2d at 616; see also Tankoy, 738 S.W.2d at 67. 
          We conclude that appellant has not shown that he had a reasonable
expectation of privacy in the bag that he abandoned at the Amtrak station and,
therefore, that appellant lacks standing to complain of the reasonableness of the
search of the bag under the Fourth Amendment. See McDuff, 939 S.W.2d at 616. 
Because we conclude there is no Fourth Amendment violation, appellant’s
complaint that the State violated Code of Criminal Procedure article 38.23 is
without merit. We hold that the trial court did not err by denying appellant’s
motion to suppress seized evidence.
          We overrule appellant’s sole point of error.
                                                         Conclusion
We affirm the judgment of the trial court.

                                                                       Elsa Alcala
                                                                       Justice

Panel consists of Chief Justice Radack and Justices Jennings and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).