Opinion issued April 26, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00728-CR

———————————

Warren Robinson, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 338th District Court 

Harris County, Texas



Trial Court Case No. 1199361

 



 

MEMORANDUM OPINION

Appellant Warren Robinson was charged
by indictment with possession with intent to deliver a controlled substance weighing
more than four grams but less than two hundred grams.  See Tex. Health & Safety Code Ann. §
481.112 (West
2010).  Following the trial court’s partial
denial of Robinson’s pretrial motion to suppress evidence, Robinson pleaded guilty
to a lesser charge of possession with intent to deliver a controlled substance
with an aggregate weight of more than one gram but less than four grams.  Id.  The trial court sentenced Robinson to two years
in prison.  In his sole issue on appeal, Robinson
argues that the trial court erred in overruling his pretrial motion to suppress
the cocaine and drug paraphernalia the police found in the car which Robinson
was a passenger.  We affirm.

Background

Robinson filed a
pre-trial motion to suppress the money, cocaine, and drug paraphernalia recovered
by the police during a traffic stop of the car in which he was a passenger.[1]  Robinson argued that because the police
officers did not have probable cause to stop the car, or to subsequently search
it and detain and search its occupants, the money, cocaine, and drug
paraphernalia recovered as a result of the traffic stop were inadmissible.

During the hearing on the
motion to suppress, Lieutenant J. Crowson of the Houston Police Department testified
that on January 15, 2009 he was on patrol in an unmarked police vehicle in the
Sunny Food Store parking lot near the 4100 block of West Bellfort.  Crowson was surveilling the parking lot in
response to reports of narcotics and prostitution activity.  Crowson observed Robinson, George Robinson, Kerwin
Simpson and two women move back and forth between two cars in the parking lot.  Crowson testified that he became suspicious of
their activity because the two cars were parked away from the door of the Food
Mart, the occupants moved between the cars with frequency and only one member
of the group, a woman, actually entered the Food Mart.  Crowson radioed Officers Tabor and Rippey,
who were nearby in a marked police unit. 
Crowson asked Tabor and Rippey to be ready to assist him if
necessary.  After about twenty minutes, Robinson,
George and Simpson left the parking lot in a Dodge Magnum and the women left in
a separate car.  As he drove out of the
parking lot, Simpson failed to make a turn that was as close as practicable to
the right-hand curb.  As Crowson followed
the Magnum he also saw Simpson make a left turn from a lane other than the
extreme left-hand lane that was available. 
Crowson testified that both the right turn out of the parking lot and Simpson’s
left turn from a lane other than the extreme left-hand lane were traffic
violations.  Crowson radioed to Officers Tabor
and Rippey and asked them to stop the Magnum.  Crowson, who was in plainclothes, remained in
his vehicle during the initial stop and waited until the officers began to
detain Robinson, George and Simpson before assisting at the scene.  Crowson decided to assist with the detention
once he observed that Robinson appeared to be wandering away from the car.  Crowson testified that as he approached the
Magnum he could smell the odor of marijuana. 
Crowson did not participate in the search of the vehicle or the men.

Officer Tabor testified
that he did not personally observe the traffic violations Crowson observed but began
to follow the Magnum at Crowson’s request. 
While driving behind the Magnum, Tabor noticed that the Magnum’s paper license
plate was missing a date of sale and that it lacked a required Texas emblem.  Following Crowson’s instructions, Tabor and
Rippey activated their emergency lights and pulled the car over.  The officers saw Simpson sitting in the
driver’s seat, George sitting in the front passenger seat and Robinson in the
back seat.  Tabor testified that both he
and Rippey approached the vehicle and asked that all of the windows be rolled
down.  According to Tabor, after all of the
windows had been rolled down he could smell the odor of bulk, unburned marijuana.  Tabor and Rippey asked the three occupants to
step out of the car and all three men were put in handcuffs.  Tabor testified that the officers patted down
Robinson, George, and Simpson and found a large amount of money in each of their
pockets, but did not find any weapons or hard objects on the men.  The officers placed the money on the front
seat of the police vehicle.  Tabor also
stated that for safety reasons, while the officers searched the car, they
detained the men by putting two in the back of the police car and having George
stand handcuffed on the side of the road. 


Tabor testified that while
searching under the driver’s side front seat of the car he located a plastic
bag that contained smaller bags.  Tabor
observed a white powdery substance inside the smaller bags.  Tabor also found, under the back side of the
same seat, a glass beaker containing a liquid and white powdery substance and a
whisk.  The white powdery substance
tested positive for cocaine in a field test.  Tabor testified that the officers did not
recover any marijuana inside of the car or on Robinson, George or Simpson.  According to Tabor, because the odor of marijuana
had been so strong but the officers could not locate the source during their
search, they radioed for the assistance of a canine unit to help them find a
hidden compartment or hiding place.  Although
the dog searched the car, Tabor testified that it did not alert to the presence
of marijuana.  The officers arrested all
three men for possession of a controlled substance.  According to Tabor, only two minutes passed
between the start of the detention and the discovery of the cocaine. 

The trial court overruled
in part and granted in part Robinson’s motion to suppress.  It also made findings of fact and conclusions
of law.  Consistent with the officers’
testimony, the trial court found that Simpson violated a traffic law by making
a left turn from a lane other than the extreme left lane.  The court thus found that the stop was
reasonable.  The court found that the
officers smelled marijuana when they made contact with the occupants of the car.
 It also found that all three men were
involved in suspicious activity outside the Sunny Food Store, that the activity
occurred just a few minutes before the officers smelled the marijuana coming
from the car, and that the Sunny Food Store was known for being a place where
illegal narcotic activity occurs.  Accordingly, the trial court concluded that
the officers had probable cause to search the vehicle.  The seizure of the money from the men’s
pockets, however, was found by the trial court to be unjustified.  The trial court granted the motion to suppress
the seized money but denied the motion to suppress the cocaine and drug
paraphernalia discovered in the search. 
Robinson entered a plea of guilty for the charge of possession with intent to deliver a
controlled substance with an aggregate weight of one gram but less than four
grams.  He was sentenced to two years in
prison.  This appeal followed.

Standard of Review

“In review of a trial court’s ruling on a motion to suppress, an
appellate court must apply a standard of abuse of discretion and overturn the
trial court’s ruling only if it is outside the zone of reasonable disagreement.”  Martinez v. State, 348 S.W.3d 919, 922
(Tex. Crim. App. 2011).  We use a bifurcated standard of review, giving
almost total deference to a trial court’s determination of historic facts
and mixed questions of law and fact that rely upon the credibility of a witness, but applying a de novo standard of review
to pure questions of law and mixed questions that do not depend on credibility
determinations.  Id. at 922–23.

In a hearing on a motion to
suppress, the trial court is the sole trier of fact and judge of the credibility
of the witnesses and the weight to be given their testimony.  State
v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  “When the trial court does file findings of
fact with its ruling on a motion to suppress, an appellate court does not
engage in its own factual review, but determines only whether the record
supports the trial court’s fact findings.”  Flores v. State, 177 S.W.3d 8, 13–14 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d).  Under this deferential standard of review, an appellate court should only
disturb a trial court’s findings of fact if they are clearly erroneous.  See
Manzi v. State, 88 S.W.3d 240, 243 (Tex. Crim. App. 2002) (quoting Anderson v. City of Bessemer City, N.C.,
470 U.S. 564, 105 S. Ct. 1504 (1985)).  “To determine whether a
fact finder’s decision is ‘clearly erroneous,’ appellate courts examine the
record to see whether the ruling leaves them with the ‘definite and firm
conviction that a mistake has been committed.’”  Guzman
v. State, 85 S.W.3d 242, 254 (Tex. Crim. App. 2002) (citing and quoting U.S. v. Fernandez, 887 F.2d 564, 567
(5th Cir. 1989)).  

Analysis

In his sole issue Robinson argues that
the trial court erred by finding that the officers had probable cause to search
the vehicle based on their detection of the smell of marijuana.  Specifically, Robinson argues that because
marijuana was not actually found in the Magnum or on its occupants, the odor of
bulk marijuana must have come from surrounding areas.  According to Robinson, the smell of marijuana
in the area surrounding a vehicle, without more, cannot establish probable
cause to search that vehicle.  

Probable cause to believe a vehicle
contains evidence of a crime is sufficient to justify a search of a
vehicle.  Powell v. State, 898 S.W.2d 821, 827 (Tex. Crim. App. 1994).  Probable cause exists when the facts and
circumstances within the knowledge of the officer would lead a person of
reasonable caution and prudence to believe that an instrumentality of a crime
or evidence will be found.  McNairy v. State, 835, S.W.2d. 101, 106  (Tex. Crim. App. 1991); Autry v. State, 21 S.W.3d 590, 592 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (citing Moulden v. State, 576 S.W.2d 817, 819
(Tex. Crim. App. 1978)).  “When
determining probable cause, the focus is on the facts and circumstances known
to law enforcement officials at the time of the search.”  Wiede
v. State, 214 S.W.3d 17, 26 (Tex. Crim. App. 2007). 

Although Robinson argues that allowing
a police officer to search a car based on an officer’s detection of the odor of
contraband such as marijuana is problematic for Fourth Amendment purposes, he
acknowledges that the Court of Criminal Appeals concluded in Moulden that the smell of burnt
marijuana, without more, was sufficient to justify an officer’s search of a
vehicle.  Moulden, 576 S.W.2d at 819. 
The Court of Criminal Appeals and Texas courts of appeals have
consistently concluded that the smell of marijuana emanating from a vehicle
provides probable cause for a search.  See Razo v. State, 577 S.W.2d 709, 711
(Tex. Crim. App. [Panel Op.] 1979) (odor of marijuana provided probable cause
to search appellant’s vehicle); Marsh v.
State, 684 S.W.2d 676, 679 (Tex. Crim. App. 1984) (officer who smelled
marijuana as occupants stepped out of vehicle had probable cause to search
vehicle); see also Dickey v. State,
96 S.W.3d 610, 613 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (officer who
testified that he smelled odor of raw marijuana when he opened the appellant’s
car door had probable cause to search the vehicle).  

Robinson’s attempt to distinguish this
case from Moulden is unavailing.  Robinson points out that unlike in Moulden, the officers in this case did
not find any marijuana in the vehicle. 
But the discovery of marijuana is not necessary for a trial court to
find that an officer had probable cause to search a vehicle based on the odor
of marijuana.  In Williams v. State, the Fourteenth Court of Appeals held that the
trial court did not err in finding an officer had probable cause to search a
vehicle when the officer testified that although he detected the odor of
marijuana emitting from appellant’s car, he recovered only PCP from the
vehicle.  Williams v. State, No. 14-01-01250-CR, 2002 WL 31426293, at *2
(Tex. App.—Houston [14th Dist.] Oct. 10, 2002, no pet.).  

The evidence adduced at the hearing on
the motion to suppress fairly supports the trial court’s finding that the odor
of marijuana was emanating from the vehicle itself and not the surrounding
area.[2]  This finding was based on Tabor’s testimony
that he did not detect the odor marijuana when he initially stepped out of his
car.  According to Tabor, he did not
detect bulk marijuana until all of windows of the Magnum were down and he and
Officer Rippey approached the Magnum. 
The trial court’s finding that the odor of marijuana was emanating from
the Magnum is also supported by Crowson’s testimony that he did not smell the
odor of marijuana until he was standing less than two or three feet away from
the Magnum.  Both Crowson and Tabor
testified that based on their experience it is possible for the odor of
marijuana to emanate from a vehicle, even if marijuana is not present.  We conclude that the trial court’s finding
that the officers smelled marijuana emanating from the vehicle was not clearly
erroneous.  Manzi, 88 S.W.3d at 254 (quoting Anderson, 470 U.S. 564, 105 S. Ct. 1504).  The fact that marijuana was not detected by
the dog when it arrived sometime after the initial search does not alter our
conclusion, because whether
probable cause exists is determined from the facts and circumstances known to
the officers at the time of their search, not after it.  See Wiede, 214 S.W.3d at 26.  We conclude that the trial court did not err
in denying Robinson’s motion to suppress the drugs and drug paraphernalia.  See Marsh,
684 S.W.2d 679 (officer who smelled marijuana coming from appellant’s truck during
traffic stop had probable cause to search vehicle); Dickey, 96 S.W.3d at 613 (officer who testified he smelled odor of raw
marijuana when he opened appellant’s car door had probable cause to search
vehicle); Taylor v. State, 20 S.W.3d
51, 55 (Tex. App.—Texarkana 2000, pet. ref’d) (officer had probable cause to
search vehicle based on odor of marijuana coming from vehicle); Williams, 2002 WL 31426293, at *3 (trial
court did not err in denying motion to suppress PCP found in appellant’s car
when officer searched car based on odor of marijuana even though no marijuana
was found in vehicle).

Conclusion

          We affirm the judgment of the trial
court.  

 

                                                                   Rebeca
Huddle

                                                                   Justice


 

Panel
consists of Justices Jennings, Massengale, and Huddle.

 

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
          The two other occupants of the
vehicle, George Robinson and Kerwin Simpson, also moved to suppress this
evidence.  The trial court heard the
motions simultaneously.  George
Robinson’s appeal, No. 01-10-00727-CR, and Kerwin Simpson’s appeal, No.
01-10-00726-CR, are also before this court. 






[2]           Specifically,
the trial court found that “Officer Tabor could smell the strong odor of
marijuana emanating from the vehicle.”